Town of Suffield *v.* Town of East Granby.

TOWN OF SUFFIELD *vs.* TOWN OF EAST GRANBY.

The statute (Gen. Statutes, p. 88, sec. 3,) provides for the appointment of a committee by the Superior Court in the case of disputed town lines, "to fix said disputed line and establish it by suitable monuments and report their doings to the court;" and that, after the report is accepted by the court, and recorded on the records of both the towns, "said line so fixed and established shall forever thereafter be the true divisional line between the towns." Held that the action of the committee, thus accepted and recorded, is final, and cannot be reviewed except for fraud or other improper or irregular conduct on the part of the committee.

[Argued May 15th—decided June 13th, 1884.]

APPLICATION to the Superior Court in Hartford County for the appointment of a committee of three to establish a disputed divisional line between the plaintiff and defendant towns, brought under Gen. Statutes, p. 88, sec. 3, which is given in full in the opinion. The committee was appointed, gave the notice required by the statute, heard the parties interested, fixed the divisional line and marked it by monuments, and made its report. The defendant town remonstrated against the acceptance of the report, the principal allegations of the remonstrance being as follows:

The defendant remonstrates against the acceptance of the report of the committee in the above entitled cause, so far as it relates to the divisional line described in said report as a line "beginning at a granite monument at Sheldon's Corner, and thence running south, 25° 20' east, in a straight line to a granite monument at the northwest corner of ancient Windsor; because,—*First.* There was no evidence introduced before the committee, proving or tending to prove that the divisional line, reported by them, running from Sheldon's Corner to the northwest corner of ancient Windsor, was ever before the place of a line established to be a divisional line between the plaintiff and the defendant, or its predecessors in title, and the committee, in attempting to establish said line, have exceeded their power and juris-

diction. *Second.* That the following facts were proved before said committee, and found by them, no evidence to the contrary having been offered, namely: [The remonstrance here set forth the facts claimed with regard to the line claimed to be the true one.] And the remonstrants aver that it results as a conclusion of law from the facts above recited and found by the committee in the cause, that the true and only divisional line between the parties to this suit, from Sheldon's Corner southerly, is not the line reported by said committee, but the straight line hereinbefore described, drawn from said Sheldon's Corner southerly to a heap of stones in the line between ancient Windsor and said Suffield, about forty-seven rods easterly from the southerly terminus of the line reported by said committee in this cause; and that said committee manifestly mistook the law in the premises, by reporting the line described in their report, and by not reporting the line above described in this remonstrance as the true divisional line between the parties to this suit. Also that said line reported by said committee is against the evidence in the trial before said committee. *Third.* That the committee have neglected to fix and establish the divisional line between the plaintiff and the defendant, and report their doings therein, in respect to a considerable part of the line in dispute, namely, in respect to that part running from the southwest corner of Suffield to the northwest corner of the town of Windsor Locks, the same being a disputed divisional line between the plaintiff and the defendant. Wherefore the defendant prays the court to reject the report of said committee so far as the said report is herein and hereby remonstrated against, and to accept the same so far as it is not excepted to in this remonstrance, or otherwise dispose of the same as to law and justice may appertain.

The plaintiff town demurred to the remonstrance, and the court (*Stoddard, J.,*) held the remonstrance insufficient, and accepted the report and ordered the same recorded. The defendant town appealed.

*W. C. Case* and *C. H. Clarke*, for the appellant.

1. The duty of the committee was to establish a divisional line upon the basis of a pre-existing divisional line. To this it is limited by the statute (Gen. Statutes, p. 88, sec. 3,) and by the construction given to similar statutes. They cannot change or alter existing lines. *Gorrill* v. *Whittier*, 3 N. Hamp., 267; *Lisbon* v. *Bowdoin*, 53 Maine, 327; *Bethel* v. *Albany*, 65 id., 201; *Freeman* v. *Kenney*, 15 Pick., 46. What is the true line is matter of law. *Doe* v. *Paine*, 4 Hawks, 64; *Hurley* v. *Morgan*, 1 Dev. & Bat., 425. Where such line existed, was then the question to be determined by the committee upon the evidence before them.

2. There was no evidence whatever before the committee that any divisional line ever existed between the towns, where by their report the committee have fixed one running from Sheldon's Corner to the northwest corner of ancient Windsor. The demurrer admits this to be true, and further, in connection with the second objection, that the true line existed in another place and where the defendant claims. Manifestly then the committee were in error; because they fixed the line wholly without evidence; and because, they had no power to change the existing line and establish a new one.

3. If there is a well-defined line between the plaintiff and defendant towns which is *in law* the true divisional line, whether it exists by the charters of the towns, or by legislative modifications of their charters, or by any other means having effect in law, the committee must conform to it, or it will involve them in an error of law. Is there such a line apart from the one reported from Sheldon's Corner to the northwest corner of ancient Windsor? The main question in the case is not, shall there be re-established a line that has become obscure and lost? but shall a certain well-defined and existing line be set aside? Such a line has existed where the defendant claims the divisional line to be, uninterruptedly governing the jurisdiction of the towns on either side of it for one hundred and seventy years. This

is admitted, as well as the manner of its recognition and treatment; (1st,) by the inhabitants, &c.; (2d,) by the towns in their corporate capacities; (3d,) by courts of probate having coincident jurisdiction within the town; (4th,) by all magistrates and officers of the law. In other words, its recognition has been universal, and no evidence to the contrary was even offered. It is claimed by the defendant that upon these facts the law is so that the committee cannot disestablish the existing line.

4. All the line is put in issue. And it nowhere appears to have been withdrawn by agreement. The demurrer admits the issue, and that the committee have not reported upon all the matter committed. This might be cured by a supplemental report, only that the establishment of the Sheldon Corner line is essentially influenced by the establishment of the easterly line, inasmuch as the validity of the easterly line is wholly dependent on the colony line of 1714, and the committee cannot approve the east line on the basis of the validity of the colony line without also establishing the north and south ones upon the same basis. And the defendant ought not to be deprived of this advantage in the case.

5. There is substantially but one reason of demurrer, namely, that the statute on which the application is based confers no power to review the report of the committee. The statute expressly confers upon the court the power to accept or reject the report of the committee. The construction of the statute is aided by the construction of that concerning the establishment of private boundaries. Gen. Statutes, p. 355, sec. 1. See cases under it. *Perry* v. *Pratt*, 31 Conn., 442; *West Hartford Eccl. Soc.* v. *First Baptist Church*, 35 id., 118. In Massachusetts, under similar authority, by a statute which required no report to the court by the committee, the court has reviewed the report and set it aside. *Wrentham* v. *Norfolk*, 114 Mass., 561. The statute in Maine does not require any acceptance of the report of the committee or other action of the court. *Bethel* v. *Albany*, 65 Maine, 202. But the court in giving

its opinion in that case adds, that "it does not appear affirmatively that any mistake has been made by the committee." However, the right of our court to review the report does not depend on the statute in Maine, but on our own statute, and for reasons such as govern courts here in accepting or rejecting committee reports generally. Acceptance in this statute concerning boundaries is to be construed to be the usual exercise of judicial discretion under the term as generally used in the statutes.

*J. R. Buck* and *A. F. Eggleston*, for the appellees.

GRANGER, J.   This is a proceeding under the following statute; (Gen. Statutes, p. 88, sec. 3 :) "When the selectmen of adjoining towns  *  *  *  shall not agree as to the place of the divisional line between their respective communities, the Superior Court, upon the application of either, shall appoint a committee of three to fix said disputed line, and establish it by suitable monuments, and report their doings to said court ; and when said report shall have been accepted by said court, and, together with the record of acceptance, shall have been lodged for record in the records of both the communities interested therein, said line so fixed and established shall forever thereafter be the true divisional line between them ; and said court may allow costs at its discretion." The act then proceeds to provide that the committee shall be sworn, that twenty days' notice of the time and place of their meeting shall be given in a mode prescribed, and that all parties interested shall have the right to be heard.

The determination of the present case depends on the construction to be given to this statute. It has stood upon our statute book many years but has never before been before the court for construction.

The committee in the present case, upon proper notice to, and hearing all parties interested, fixed a certain line as the divisional line between the plaintiff and defendant towns, and made its report to the court. The defendant

Town of Suffield *v.* Town of East Granby.

town remonstrated against the acceptance of the report upon the ground that the committee, upon the documentary and other evidence in the case, had erred in their conclusion as to the location of a part of the line, and that their decision was against the evidence in the case. No fraud or other misconduct on the part of the committee is charged; the error is solely one of judgment.

The statute makes it the duty of the committee to "*fix* the disputed line and *establish* it by suitable monuments," and further provides that, after their report is accepted by the court and recorded upon the records of the two towns, "the line so fixed and established shall forever thereafter be the true divisional line between them."

We think it clear that the legislature intended that this action of the committee, thus accepted and recorded, should be final. Of course if there has been fraud or other misconduct on the part of the committee, or irregularity in their proceedings, their report may be set aside on that ground. But nothing of the kind is claimed here. The case is entirely unlike that of a committee in chancery. There the committee is a mere arm of the court, and the judgment that is finally rendered is wholly the judgment of the court. The committee here is a special statutory tribunal, and the judgment is that of the committee rather than of the court. There is a reason why their action should be final, in the fact that no title to land, or other private right of any kind, is affected by it. The matter of town boundaries is one wholly for the discretion and within the power of the legislature, and it has full power to create a tribunal like the one in this case, for the establishment of disputed town lines, and to make their action final. We are satisfied that it intended to do so here, and that it has made its intention plain in the language of the statute.

We advise that the remonstrance be overruled and the report of the committee accepted.

In this opinion the other judges concurred.