KATE CARNEY ET AL. *vs.* CHARLES B. WILKINSON.

Third Judicial District, New Haven, January Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

It is *prima facie* a sufficient ground for the rejection of the report of a committee appointed by the Superior Court to erect and establish lost and uncertain bounds, that the committee employed the agent and surveyor of one of the parties to assist in fixing the location of such bound.

Whether a finding by the trial court that the assistance given by such surveyor had no influence on the judgment of the committee, would heal the impropriety, *quære.*

The surveyor, whose employment is authorized by § 2975 of the General Statutes to assist the committee in reaching its conclusion, should be as disinterested in respect to his duties as the committee itself.

[Argued January 29th—decided February 21st, 1896.]

WRIT of error brought to the Supreme Court of Errors at its January Term, 1896, at New Haven, to review a judgment of the Superior Court (*Ralph Wheeler, J.*) rendered in favor of the defendant in error, upon his application to re-

store and establish lost and uncertain bounds between the lands of the parties. *Error and judgment of reversal.*

The action in the Superior Court was brought under § 2975 of the General Statutes. A committee appointed by the court made a report fixing and establishing a lost bound. The defendant in the action remonstrated against the acceptance of the report. The court sustained a demurrer to the remonstrance, and rendered judgment of confirmation.

Among the errors assigned in the writ of error were the following: In sustaining the plaintiffs' demurrer to the defendant's remonstrance; in overruling the remonstrance of the defendant; in accepting the report of the committee.

*James P. Platt* and *Cornelius J. Danaher*, for the plaintiffs in error.

*George A. Fay*, for the defendant in error.

HAMERSLEY, J. Some questions of interest, and not free from doubt, involving the meaning and effect of the statute under which the original complaint was brought, were discussed in argument; they arise, however, on this writ of error, with such limitations, that any consideration of their merits which does not extend beyond the issue directly involved, must be unsatisfactory ; and as there is a fatal error apparent on the face of the record, we confine the decision to that error.

The statute (§ 2975 of the General Statutes) provides for an appointment by the court to which a complaint for the establishment of lost and uncertain bounds is brought, of " a committee of not more than three disinterested freeholders, who . . . . shall inquire into the facts, and erect and establish such lost and uncertain bounds, and may employ a surveyor to assist therein; and shall report the facts and their doings to the court." It then provides that the court may confirm said doings, and that certified copies of the report and decree of confirmation shall be recorded in the land records, and that " the bounds, so erected and established, shall be the bounds between said proprietors."

It is clear that upon proof of material misconduct on the part of the committee in erecting and establishing such bounds, the court must reject their report. Even when the report of a committee of a similar character is held to be conclusive as the judgment of a special statutory tribunal, their report may be set aside for " misconduct on the part of the committee, or irregularity in their proceedings." *Suffield* v. *East Granby*, 52 Conn., 175, 180.

In the present case the committee reported: " I find that the land records of the town contain boundaries and descriptions which enable a surveyor, with some assistance from the recollection of living witnesses, to fix the location of the disputed bound with reasonable certainty. I therefore proceed to fix the location of said bound and establish it as follows." The defendants in the complaint remonstrated against the acceptance of the report, and said that the report ought to be rejected because (in addition to other matters alleged) " the conduct of the committee was improper in this, that he employed the agent and surveyor of the plaintiff to fix and restore said pretended boundary." The plaintiff in the complaint, did not demur specially to this ground of remonstrance nor to the manner of stating the ground, but demurred specially to other grounds, and generally, " because said remonstrance is uncertain and informal and argumentative in that it does not allege any specific facts why said report should not be accepted, save that the committee did not decide correctly upon the facts before him." The court below sustained the demurrer, overruled the remonstrance and confirmed the action of the committee.

It is immaterial whether or not the allegation of the remonstrance was in fact true. Its truth is admitted by the demurrer. In sustaining the demurrer and rendering judgment notwithstanding the admitted truth of the allegation, the Superior Court held that such action by any committee is not in law *prima facie* improper, and cannot be sufficient ground for rejecting a report. This is error, fatal to the validity of the judgment. It is essential that the conclusions of such com-mittees should be as free from all improper influences as the

verdicts of juries. The surveyor, whose employment is authorized by statute to assist the committee in reaching its conclusion, should be as disinterested in respect to his duties as the committee itself. It appears from the record that the conclusion of the committee was based on conditions, *i. e.*, boundaries and descriptions contained in the land records, "which enable a surveyor, with some assistance from the recollection of living witnesses, to fix the location of the disputed bound." And so it appears that the assistance of the surveyor employed by the committee was a necessary factor in the process of deduction which must determine its judgment. The employment for such purpose of a person who was then the "agent and surveyor" of a party interested in respect to the very question at issue, is in law irregular and improper. It well may be that upon a hearing on the allegation of the remonstrance, the court might have been satisfied and have found that the assistance of the surveyor had no influence on the judgment of the committee; whether such finding would heal the error is a question not before us. The trial court has held that the law does not regard the introduction of such interested assistance into the deliberations of a *quasi* jury, as legally improper. A judgment whose validity depends on the correctness of that ruling cannot stand. The practical effect of such a rule of law would tend to impair confidence in legal tribunals and to endanger the purity of trials. *Harris* v. *Woodstock*, 27 Conn., 567, 572; *Pond* v. *Milford*, 35 id., 32, 35; *Beardsley* v. *Washington*, 39 id., 265, 268; *Greene* v. *East Haddam*, 51 id., 547, 555.

Judgment for the plaintiffs in error.

In this opinion the other judges concurred.