This is an appeal from the decision of the board of zoning appeals of New Haven, which acted favorably upon an appeal by one of its members, Albert R. Webber, after he had been denied the approval needed to extend the existing garage at his home at 80 Edgewood Way. Prior to the action by the board, the building inspector of New Haven had refused the requested building permit for the reason that "If the extension is allowed there will be an encroachment of 5 [feet] 4 [inches] on the required side yard of 11 [feet] 0 [inches]." This result would be contrary to a provision of the zoning ordinance quoted below. The appeal to the board from this ruling was dated August 12, 1954, and the record, upon which this case is here heard, discloses that the public hearing was held on September 7, 1954. The applicant for the variance, Albert R. Webber, together with William J. Sullivan, Israel Hillman, Leonard Velardi and Sidney Stone, constituted the board of zoning appeals. At the public hearing the applicant disqualified himself and Sidney Stone was not present. Not until the day following this hearing and when four of the five board members were present was the special executive meeting held at which the Albert R. Webber appeal was acted upon favorably and the variance allowed. *Page 305 
The plaintiff, an adjoining property owner at 90 Edgewood Way, claims that both his property and the Webber property are located in residence zone A, as fixed by the zoning ordinance of the city of New Haven. It was stipulated by all counsel that the applicable sections of this zoning ordinance were §§ 1023 and 1027. Section 1023 of the zoning ordinance of the city of New Haven provided in part as follows: "In Residence A and AA districts, in case of a dwelling, there shall be two side yards, one on each side of the main building, the aggregate width of which shall be at least 20 feet, and neither of which shall be less than 8 feet wide...." Section 1027 of said zoning ordinance provides as follows: "In Residence A, AA and B districts, no accessory building shall be within 30 feet of any street. If, however, in such district, such building shall be within a side yard, its nearest part shall be at least 55 feet away from the street on which the main building fronts."
The appeal to this court from the decision of the board of zoning appeals of the city of New Haven does not either require or permit the court to substitute its finding and conclusion for that of the board where, as here, there was evidence before the board upon which it could reasonably act, providing that its decision was based on a legal vote. This court is limited in its functions to a determination of whether the board, as alleged by the appeal, had acted arbitrarily or illegally, or so unreasonably as to have abused its discretion. Gunther v. ZoningAppeals, 136 Conn. 303, 306; Talmadge v. Board ofZoning Appeals, 141 Conn. 639, 644.
The plaintiff claims that the failure of Sidney Stone, one of the four members of the board who voted in the special executive session, to attend the previous public hearing on the application made the *Page 306 
vote of the board unlawful, and that the granting of the Webber application therefore was illegal.
The board is an administrative agency which acts in such cases as a quasi-judicial body. Burr v.Rago, 120 Conn. 287, 292. The operation, the enforcing and the varying of zoning restrictions seriously affect the unhampered use by the individual of his real property in the interest of public good. Thus it follows that the administration of the power of zoning "demands the highest public confidence."Low v. Madison, 135 Conn. 1, 9. It is advisable to go far to avoid the impairment of confidence in a quasi-judicial or legal tribunal. Carney v. Wilkinson,67 Conn. 345, 347. Even when conduct would not actually produce distrust in the minds of others but might only create a suspicion of unfairness in the mind of the party to which the decision was adverse, it is far better "that no room be given for suspicion or cavil." Greene v. East Haddam, 51 Conn. 547, 559. The applicant could have deferred his application until he was no longer a member of the board of zoning appeals or, if the matter was of extreme urgency, he could have resigned and have been replaced.Low v. Madison, supra, 4.
All counsel, in their briefs, give attention to the case of Strain v. Mims, 123 Conn. 275. That case deals with a zoning commission and its hearing on a change of zoning or boundaries. At page 282, the court said, "We do not now decide that the presence of all is necessary, but merely point out that it is advisable that they should attend." Reference was made to the fact that four out of five members then acting as the zoning commission of Greenwich were present at the hearing in question in the Strain case, supra. Fifteen years later our Supreme Court, inWatson v. Howard, 138 Conn. 464, translated its suggestion, as contained in the above quotation, into a requirement. *Page 307 
Section 285c of the 1953 Supplement to the General Statutes provides for a hearing on the application. It is a requisite of any such hearing that the board members who will make the decision, as here in executive session, "consider and appraise" the evidence. Watson v. Howard, supra, 468. "A proceeding of this sort requiring the taking and weighing of evidence, determinations of fact based upon the consideration of the evidence, and the making of an order supported by such findings, has a quality resembling that of a judicial proceeding. Hence it is frequently described as a proceeding of a quasi-judicial character.... The `hearing' is the hearing of evidence and argument. If the one who determines the facts which underlie the order has not considered evidence or argument, it is manifest that the hearing has not been given." Morgan v.United States, 298 U.S. 468, 480.
Sidney Stone was not in a position to vote lawfully on the Webber appeal at the special executive session of the board of zoning appeals of New Haven held on September 8, 1954. He did not attend the public hearing on September 7, 1954. He did not have the benefit which the evidence, the argument and the statements might have offered him. Though it is stated that "the appeal of A. R. Webber was considered," the minutes of the special executive session do not mention or describe any effort by Sidney Stone to acquaint himself with all of the testimony and overcome the obvious handicap to which he was subjected. It nowhere appears that he examined all of the evidence presented to the other members. This court must conclude that the vote of Sidney Stone was unlawful, that there was no public hearing as provided by law. Watson v. Howard,138 Conn. 464, 468. "All the members of the board that is constituted for the purpose of making a decision on the question of allowing a variance in a *Page 308 
particular case must be present at the `public hearing.'"Sesnovich v. Board of Appeal, 313 Mass. 393,397.
In view of these considerations, this court concludes that the executive action of the board on September 8, 1954, was illegal for the reason that no full and public hearing was held before all of those who purported to take such action. It would appear that the board mistook the law and acted under a misapprehension in permitting and including in its tally the vote of its member Sidney Stone, who did not attend the hearing of September 7, 1954, especially since it appears nowhere that he had considered the evidence, facts and arguments which were before the members who had attended the so-called public hearing.
 The appeal of the plaintiff is sustained.