RONALD E. ROMANOWSKI *v.* JOHN J. FOLEY ET AL.
(4328)

BORDEN, DALY and BIELUCH, Js.

Argued on January 6—decision released March 3, 1987

Alfred J. Garofolo, with whom, on the brief, was *Martin A. Gould,* for the appellant (plaintiff).

*M. Hatcher Norris,* for the appellees (named defendant et al.).

*Eugene Scalise, Jr.,* for the appellees (defendant town of Marlborough et al.).

BORDEN, J. The plaintiff appeals from the judgment rendered in favor of the defendants[1] by a state trial referee. The plaintiff's action was in two counts: to

---

[1] The following were defendants at trial: six property owners whose land abutted that of the plaintiff (Irene Gentile, R. William Garrison, Phyllis M. Garrison, John J. Foley, Elaine M. Foley, June N. Keefe) (hereinafter the individual defendants); a mortgagee, Society for Savings; two towns, Hebron and Marlborough (hereinafter the town defendants); and the state of Connecticut. The defendants on appeal are the individual defendants and the towns.

quiet title; and to compel the towns of Hebron and Marlborough to fulfill their statutory duties, pursuant to General Statutes § 7-113, correctly to locate the common boundary line between those towns. The dispositive issue in this case is whether the trial court had subject matter jurisdiction to hear these claims, since the plaintiff sought by his complaint to have the court alter the existing town boundary line, a matter traditionally within the discretion of the legislature. We hold that the trial court lacked subject matter jurisdiction to entertain the plaintiff's complaint.

In light of our disposition of the case, we need only briefly detail the facts. The plaintiff is the owner of property in Marlborough. By deed, the property is bounded easterly by the Hebron-Marlborough town line. The individual defendants own property in Hebron which abuts the plaintiff's property along the town line. Prior to 1965, all of the land of the plaintiff and the individual defendants was part of a larger tract owned by one party. The plaintiff's predecessor in title bought the first of several parcels conveyed from the tract by deed in 1965. Thereafter, the individual defendants or their predecessors in title acquired parcels of the tract which contained the common boundary.

The boundary line between Hebron and Marlborough was first established by the act incorporating the town of Marlborough in 1803. Private Laws of Connecticut, Vol. II, p. 1157. The boundary was also described in a survey dated April, 1804, recorded in the Hebron Land Records, Vol. XI, p. 211. The trial court found that there was no further official designation of the location of the town boundary until 1981, when a map locating the town line was filed and recorded in the land records of Marlborough. This map was accepted by both Marlborough and Hebron, and depicted the location of their mutual boundary. The property of the plaintiff

was shown on the Marlborough side of the town line and the property of the individual defendants was shown on the Hebron side.

In the first count of his complaint, the plaintiff sought a judgment quieting title to his land against all individual defendants whose deed recited their common boundary as the Marlborough-Hebron town line.[2] In the second count, the plaintiff asked the court to direct the defendant towns "to fullfil their statutory duties as required by General Statutes Section 7-113[3] to properly locate and mark the boundary line existing between them in accordance with the findings of the court."

The plaintiff claimed in the trial court that the map accepted by the towns improperly depicted the placement of the town line. He claimed further that a portion of the property of the individual defendants shown on the Hebron side of the town line is actually on the Marlborough side, and consequently belonged to him. In order for the plaintiff to prevail under either count, therefore, the trial court, as a step preliminary to relief, had to determine whether the existing town boundary line was properly located and, if not, to place it correctly.

The trial court found that the plaintiff had failed to sustain his burden of proving that the defendant towns erroneously located the boundary line between them

[2] The complaint stated in pertinent part: "15. The boundary line as originally established by the deeds of the plaintiff and the defendants . . . does not coincide in its location with the boundary line as established by the actions of the defendants TOWN OF MARLBOROUGH and TOWN OF HEBRON. . . . 16. As a result of the location of the boundary line as established by the defendant, TOWN OF MARLBOROUGH, and the defendant, TOWN OF HEBRON, the defendants . . . claim estates or interests in said plaintiff's land or parts thereof which are adverse to the title of the plaintiff."

[3] General Statutes § 7-113 provides in pertinent part: "Each town, city and borough shall procure its bounds to be set out by plain and durable marks and monuments . . . ."

and, therefore, denied the plaintiff his relief. The plaintiff appeals, claiming error in various conclusions of law and findings of fact. Because of our disposition of the case, we do not address the merits of the plaintiff's claims. Rather, the issue we are presented with is whether a quiet title action which requires the trial court to determine the correct location of a town boundary line is a matter within the court's jurisdiction. The issue of subject matter jurisdiction was raised in the trial court by the town defendants in their special defenses. It was not raised by the individual defendants. Subject matter jurisdiction, however, may be raised at any time and cannot be waived. *Arseniadis* v. *Arseniadis,* 2 Conn. App. 239, 242, 477 A.2d 152 (1984).

Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. *Robinson* v. *ITT Continental Baking Co.,* 2 Conn. App. 308, 310, 478 A.2d 265 (1984). The source of the jurisdiction of a court is the constitution and statutory provisions. Id., 311. "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power . . . ." *State* v. *Malkowski,* 189 Conn. 101, 105, 454 A.2d 275 (1983); see also *Craig* v. *Bronson,* 202 Conn. 93, 100–101, 520 A.2d 155 (1987).

The plaintiff concedes in his brief, as he must, that the determination of municipal boundaries is a function wholly within the power of the legislature. See Conn. Const., art. X, § 1; *Suffield* v. *East Granby,* 52 Conn. 175, 180 (1884); 2 E. McQuillin, Municipal Corporations (3d Ed. Rev.) § 7.03; 56 Am. Jur. 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 41. The constitution of Connecticut, article tenth, § 1, invests the legislature with power over the "formation,

consolidation or dissolution of any town, city or borough." Implicit in the legislative power over political subdivisions is the power to establish town boundaries. "The matter of town boundaries is one wholly for the discretion and within the power of the legislature . . . ." *Suffield* v. *East Granby,* supra.

The legislature has been authorized to "delegate such legislative authority as from time to time it deems appropriate to towns, cities and boroughs relative to the powers, organization, and form of government of such political subdivisions." Conn. Const., art. X, § 1. Pursuant to constitutional authority, the legislature has delegated authority for establishing such boundaries to the towns, cities and boroughs themselves. General Statutes § 7-113 directs towns to mark their boundaries. General Statutes § 7-115 provides for a procedure in the event that adjoining towns dispute the boundary. When two towns disagree "as to the place of the division line between their respective communities, the superior court, upon application of either, shall appoint a committee of three to fix such disputed line and establish it by suitable monuments and report their doings to said court. When such report has been accepted by said court . . . the line so fixed and established shall thereafter be the true division line between them . . . ." General Statutes § 7-115. The court's only function under this statute is to appoint a committee and accept the report which fixes the disputed line. In *Suffield* v. *East Granby,* supra, it was conclusively established that in the absence of fraud or other misconduct on the part of the committee, or irregularity, the court was required to accept the town line established by the committee. Our Supreme Court stated: "The committee here is a special statutory tribunal, and the judgment is that of the committee rather than of the court." Id.

There is neither constitutional nor statutory authority for the court to determine or alter town boundary lines. Such determinations are within the power of the legislature; Conn. Const., art. X, § 1; and by delegation, of the towns themselves. General Statutes §§ 7-113 and 7-115. We hold, therefore, that the trial court lacked subject matter jurisdiction over this action, since the plaintiff sought to have it determine the placement of a town boundary line, a matter reserved to the legislature, or to the towns themselves pursuant to proper statutory procedures.

Our decision is supported by the far reaching ramifications a political decision of this sort might have on personal, civil and political rights which have become fixed in accordance with established boundary lines. Issues of improper taxation and the validity of elections based on improperly drawn voting districts are only the tip of the iceberg. Generally, legislative action of this sort, because of its political nature, is not reviewable by the courts unless it is arbitrary, unreasonable or violative of constitutional rights. 2 E. McQuillin, supra. The plaintiff has made no claim that he has been deprived of a constitutional right. If a party brought an action for deprivation of property without due process of law arising out of a boundary dispute, a court would have a duty to test the legislative action by constitutional principles. See *Buxton* v. *Ullman,* 147 Conn. 48, 156 A.2d 508 (1959), appeal dismissed, 367 U.S. 497, 81 S. Ct. 1752, 6 L. Ed. 2d 989, reh. denied, 368 U.S. 869, 82 S. Ct. 22, 7 L. Ed. 2d 69 (1961). That is not the case here.

There is error in the form of the judgment, it is set aside and the case is remanded with direction to dismiss the complaint for lack of jurisdiction.

In this opinion the other judges concurred.