[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Hubert E. Baxter and Janet-Lee Baxter filed an application to discharge or reduce a mechanic's lien filed against their property by the respondents Michael Quoka and Quoka Paint Hardware, Inc. The court, Fuller, J., denied the application on July 3, 1990. On July 9, 1990, the applicants filed a motion for extension of time to appeal which the court never ruled upon. The period within which an appeal must be taken has since passed without further action by the applicants. See Conn. Gen. Stat. 49-35c(b) rev'd to 1991).
On August 30, 1990, the respondents filed a counterclaim to foreclose the mechanic's lien upon the applicant's property. On November 16, 1990, the court granted a motion for default for failure to plead against the applicants. On November 28, 1990, the applicants filed a motion to dismiss the respondents' counterclaim to which the respondents objected. The court sustained the respondents' objection because the default had not been opened. The applicants then filed an answer to the counterclaim (which opened the default pursuant to Conn. Practice Bk. 363A (rev'd 1978, as updated to October 1, 1990)) and reclaimed their motion to dismiss. The respondents objected by motion and memorandum filed January 4, 1991.
In their motion to dismiss, the applicants argue that an application to discharge or reduce a mechanic's lien "is a specialized proceeding which does not permit the filing of a counterclaim seeking to enforce the underlying lien" and that the court, therefore, lacks subject matter jurisdiction over the counterclaim. The applicants further argue that the counterclaim was not timely filed. The respondents argue that Conn. Gen. Stat. 49-39 permits a party to file a counterclaim to foreclose a mechanic's lien. By reply memorandum filed January 10, 1991, the applicants argue that while a counterclaim to foreclose a mechanic's lien may be filed in a proper case, the proceeding on an application to discharge a mechanic's lien are limited by Conn. Gen. Stat. 49-35b.
A motion to dismiss is used to assert lack of jurisdiction over the subject matter. Conn. Practice Bk. 143 (rev'd to 1978, as updated to October 1, 1990). Subject matter jurisdiction is the power of a court "to hear and determine cases of the general class to which the proceedings belong." Bank of Boston v. Quirk,192 Conn. 447, 449 (1984). "The source of the jurisdiction of a court is the constitution and statutory provisions." CT Page 3306 Romanowski v. Foley, 10 Conn. App. 80, 83 (1987). "Any mechanic's lien may be foreclosed in the same manner as a mortgage." Conn. Gen. Stat. 49-33 (h). Therefore, the court has subject matter jurisdiction over an action to foreclose a mechanic's lien.
Whenever one or more mechanic's liens are placed upon any real estate, the owner of the real estate, if no action to foreclose the lien is then pending may make, application that a hearing or hearings be held to determine whether the lien or liens should be discharged or reduced. Conn. Gen. Stat. 49-35a(a). Conn. Gen. Stat. 49-35b
states:
 (a) Upon the hearing held on the application or motion set forth in section 49-35a, the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien. Any person entitled to notice under section 49-35a may appear, be heard and prove by clear and convincing evidence that the validity of the lien should not be sustained or the amount of the lien claimed is excessive and should be reduced.
 (b) Upon consideration of the facts before it, the court or judge may: (1) Deny the application or motion if probable cause to sustain the validity of the lien is established; or (2) order the lien discharged if (A) probable cause to sustain its validity is not established, or (B) by clear and convincing evidence its invalidity is established; or (3) reduce the amount of the lien if the amount is found to be excessive by clear and convincing evidence; or (4) order the lien discharged or reduce the amount of the lien conditioned upon the posting of a bond, with surety, in a sum deemed sufficient by the judge to indemnify the lienor for any damage which may occur by the discharge or the reduction of amount.
The hearing to determine whether there is probable cause to sustain the validity of a mechanic's lien is not contemplated to be a full scale trial on the merits. Pero Building Co. v. Smith, 5 Conn. 180, 182-84 (1986). The court's power in an application to discharge or reduce a mechanic's lien is limited by Conn. Gen. Stat. 49-35b. Therefore, a counterclaim may not be filed in an application to discharge or reduce a mechanic's lien. Further, the CT Page 3307 court's denial of the application to discharge or reduce the mechanic's lien concluded the instant proceeding. Since the appeal period under Conn. Gen. Stat. 49-35c
has passed, further pleadings in this proceeding are of not effect.
The Court Curran, J.