[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Rosalie Lato is the owner of certain property in the City of Norwalk known as 242 New Canaan Avenue, Norwalk, Connecticut, to which all actions of the Zoning Enforcement Officer and the Zoning Board of Appeals of Norwalk pertain.
The defendant, the Zoning Board of Appeals of the City of Norwalk, is the duly appointed Board of the City of Norwalk authorized to hear appeals from the action of the Zoning Enforcement Officer of the City of Norwalk pursuant to the standards and rules set forth in the Connecticut General Statutes, the decisions of the Courts of the State of Connecticut and the Regulations.
The defendants, Town Clerk of the City of Norwalk and the City Clerk of the City of Norwalk are officials of the City who are mandated to be made parties to this action by Connecticut statutory and decisional law.
On or about June 26, 1988 the plaintiff received a notice from the Zoning Enforcement Officer of the City of Norwalk requesting that the plaintiff remove equipment from the premises and remove stock piles of fill and topsoil. CT Page 3759
On or about July 5, 1988 the plaintiff through her attorney, James Farrell, filed an appeal with the Zoning Board of Appeals of the City of Norwalk, seeking a reversal of the order of the Zoning Enforcement Officer.
On or about August 18, 1988 a hearing on such appeal was held before the Zoning Board of Appeals.
The Commission on or about October 6, 1988 denied the plaintiff's appeal and notice of such decision of the Commission was duly published in the Norwalk Hour on October 12, 1988.
The plaintiff took appeals to the Freedom of Information Commission as well as an appeal to the Superior Court due to irregularities in the proceedings before the Board.
As a result of such appeals, the parties reached an agreement whereby the plaintiff would be allowed a new hearing on the appeal from the Zoning Enforcement Officer's decision.
The parties agreed for the purposes of the new hearing that the appeal from the Zoning Enforcement Officer's decision to the Board was taken in a timely fashion.
That a hearing was held before the Zoning Board of Appeals on May 25, 1989.
The hearing on May 25, 1989 was continued for additional testimony until June 8, 1989, at which time additional evidence was received and the Board decided the appeal.
The Commission on or about June 9, 1989 denied the plaintiff's appeal and notice of such decision of the Commission was duly published in the Norwalk Hour on June 14, 1989.
Plaintiff alleges and argues the existence of a valid nonconforming use of the subject property as being used for landscaping with the sale of nursery products and a topsoil business dating from prior to the year 1929 (when zoning was created in Norwalk). The plaintiff herself states the proposition in her brief, also as set forth in the allegations of her complaint, that her "nonconforming use was continuous and noninterrupted since the 1920's, thereby making it a valid nonconforming use."
As the recitation of the proceedings in the plaintiff's brief sets forth, the main issue was and is what type of use CT Page 3760 the property had from the year 1929 to present. The years of conflict with respect to the use of the property were from 1929 through the Lato's purchase of the property.
The actual issue of the case comes down to the testimony of William Warga, son of Paul Warga, the owner of the property previous to the plaintiff Lato. As set forth in the plaintiff's brief and in the record, Return of Record 19, p. 5, William Warga testified before the ZBA that "there was no business operating there in 1928 or 1929 and that his father was a baker and not a landscaper". He further testified that `they had no nursery". Asked if they ever sold topsoil, Mr. Warga testified that they "never sold anything". He also testified that "there were no dump trucks, no screening machines or earth movers". He stated also that "He lived there for twenty years and topsoil was never sold". Return of Record 19, p. 6.
It has long been held in the Connecticut Courts that on appeal from a decision of a Zoning Board of Appeals the Court is not authorized to substitute its finding for that of the Board, where there was evidence before the Board on which the Board could reasonably act. See, Kaslow v. ZBA of New Haven,19 Conn. Sup. 303 (1955).
Equally important, as often cited, and as set forth in the Torsiello case:
 `The trial court cannot substitute its judgment for that of the zoning board by weighing evidence and determining the issues of fact involved, thus exceeding the scope of judicial review.'
 `Also, since the credibility of witnesses and determination of factual issues are matters within the province of an administrative agency, the reviewing court must determine the correctness of the conclusions of the agency from the record on which they are based'. Torsiello v. Zoning Board of Appeals of Milford, 3 Conn. App. 47
(1984).
 `The credibility of witnesses and the determination of issues of fact are matters solely within the province of the agency'. Goldfeld v. PZ Commission Greenwich, 3 Conn. App. 172 (1985).
For the reasons set forth above, since there was sufficient evidence upon which the Zoning Board of Appeals could reasonably conclude that Lato did not establish CT Page 3761 sufficient facts to prove a continuing nonconforming use of the property which predated zoning, and since it was for the Board to decide what weight was to be given to Mr. Warga's testimony, the appeal should be and denied.
WILLIAM F. HICKEY, JR., JUDGE