[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION TO DISMISS AND/OR DISCHARGE
The plaintiff, Compass Engineering Group, LLC., seeks a foreclosure of its Mechanics Lien. (Compl. at 3.) The following basic facts give rise to this claim. The plaintiff was retained by the defendant, Iris W. Lord, to provide surveying services of the defendant's property in connection with an ongoing boundary dispute. (See Compl. ¶ 3; Defendant's Motion To Dismiss ¶ 4.) The plaintiff billed the defendant $12,250 for the services and the plaintiff paid $1,500. (Compl. ¶¶ 5, 6.) To secure the balance of $10,750, the plaintiff filed a mechanic's lien against the defendant's property. (Compl. ¶ 7.) The defendant moves to dismiss the complaint and/or discharge the mechanic's lien on the grounds that the plaintiff did not provide services that can be secured by a mechanic's lien and, alternatively, that the plaintiff is not licensed by the State of Connecticut to provide such services. (Defendant's Memorandum in Support of Motion to Dismiss at 1-2.)
A motion to dismiss challenges the court's jurisdiction. Conn.Practice Book § 10-30 (2002). In general, a motion to dismiss asserts one or more of the following: (1) lack of subject matter jurisdiction, (2) lack of personal jurisdiction, (3) improper venue, (4) insufficiency of CT Page 3419 process, (5) insufficiency of service of process. Id. § 10-31 (a). When deciding a motion to dismiss, the "court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308 (1998). "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id. at 309.
Subject matter jurisdiction is the authority of the court to hear and decide cases of the general class to which the proceedings in question belong. See Henry F. Raab Connecticut, Inc. v. J.W. Fisher Co.,183 Conn. 108, 112 (1981). A court has subject matter jurisdiction if it has the competence to entertain the controversy before it. Id. Constitutional and statutory provisions are the source of a court's jurisdiction. Romanowski v. Foley, 10 Conn. App. 80, 83 (1987). "Any mechanic's lien may be foreclosed in the same manner as a mortgage." Conn. Gen. Stat. § 49-33 (i) (2001). Unquestionably, this statute provides the Superior Court with subject matter jurisdiction over an action to foreclose a mechanic's lien. Cf. id.
Connecticut's mechanic's lien statute establishes a statutory right in derogation of the common law. See New England Sav. Bank v. Meadow LakesRealty, 243 Conn. 601, 611 (1998). The statute provides, in pertinent part, that:
 "[i]f a person has a claim . . . for materials furnished or services rendered . . . in the construction . . . of any building or any of its appurtenances or in the improvement of any lot or in the site development or subdivision of any plot of land, and the claim is by virtue of an agreement with or by consent of the owner then the plot of land is 
subject to the payment of the claim."
Conn. Gen. Stat. § 49-33 (a). Provisions of the statute "should be liberally construed in order to implement its remedial purpose of furnishing security for one who provides services or materials." NewEngland Sav. Bank, 243 Conn. at 611.
In this case, as previously noted, the defendant makes two claims in support of its argument that the court lacks subject matter jurisdiction. First, the defendant contends that the plaintiff was unlicensed and therefore cannot lodge a mechanic's lien. Second, the defendant argues that the services performed by the plaintiff are not improvements as contemplated by the statute. CT Page 3420
With respect to the licensure claim, the plaintiff has submitted documentation from the Connecticut Department of Consumer Protection indicating that the plaintiff has in fact been properly licensed since 1981, and was licensed at the time he conducted a survey for the defendant. Further, the defendant cites to no authority supporting her contention that the plaintiff must be licensed. The defendant's citations to Caulkins v. Petrillo, 200 Conn. 713 (1986) and Barrett Builders v.Miller, 215 Conn. 316 (1990) are misplaced as both arise under the Home Improvement Act, Conn. Gen. Stat. § 20-418 et seq. That Act does not apply to professional engineers and land surveyors. See id. § 20-428
(4) (2001).
Next, the defendant contends that the services rendered by the plaintiff are not of the nature contemplated by the statute. A mechanic is normally defined as a skilled worker who achieves a result using tools, machines, or equipment. Nickel Mine Brook Assoc. v. Joseph E. Sakal,P.C., 217 Conn. 361, 368 (1991). Several cases illustrate the types of services that can give rise to a mechanic's lien. See, e.g., Camputarov. Stuart Hardwood Corp., 180 Conn. 545, 553-54 (1980) (suggesting that preparing a site for construction and roads may be within the scope of § 49-33 after the 1974 amendment); New England Sav. Bank,243 Conn. at 615
(surveying and engineering services that laid the groundwork for physical enhancement of a subdivision were lienable within § 49-33);Thompson Peck, Inc. v. Division Drywall, Inc., 241 Conn. 370, 379
(1997) (services associated with the physical construction or improvement of the land); Nickel Mine Brook Assoc., 217 Conn. at 370 (mechanic's liens are not available to attorneys assisting in zoning and other matters related to real estate). While these illustrations are not conclusive, they do provide guidance as to when a mechanic's lien may properly be asserted.
Whether the surveying and engineering services performed by the plaintiff constitute improvement or site development of the land within the meaning of General Statutes § 49-33 is a factual issue to be determined at trial, and is not a matter properly to be decided in a motion to dismiss. The defendant's claims may constitute a valid defense to this action[1], but do not deprive the court of subject matter jurisdiction.
Accordingly, for the foregoing reasons, the defendant Iris W. Lord's Motion to Dismiss and/or for Discharge is denied.
So ordered.
ROBERT L. HOLZBERG, J. CT Page 3421