[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE RULING ON DEFENDANT'S MOTION TO DISMISS
The issue presented in this matter is whether the court has subject matter jurisdiction to hear the plaintiff's Petition for Paternity Proceedings. For the reasons set forth below, the court concludes that it does not have subject matter jurisdiction to hear the plaintiff's petition for paternity, and accordingly, dismisses the petition.
The following allegations give rise to this claim. The plaintiff, Maggie Gerhard, was born on January 15, 1973, and seeks to establish that the defendant, Anthony Perugini, is her father. (Pet.) She claims that this information is necessary in order to obtain proper medical treatment for her child. (Pl.'s Statement of Facts ¶ 6). On or about August 18, 2001, the plaintiff requested the defendant to submit to a DNA test at the plaintiff's expense. (Pl.'s Statement of Facts ¶ 7). The defendant agreed to discuss the request with his wife. (n. ) After receiving no reply from the defendant, the plaintiff instituted this action. The defendant moves to dismiss the petition on the grounds that the statute of limitations has expired and that the plaintiff is the improper party to institute the petition. (Def.'s Mem. in Supp. of Mot. to Dismiss at 1-2.)
A motion to dismiss challenges the court's jurisdiction. ConnecticutPractice Book § 10-30 (2002). In general, a motion to dismiss asserts one or more of the following: (1) lack of subject matter jurisdiction, (2) lack of personal jurisdiction, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process. Id. § 10-31 (a). When deciding a motion to dismiss, the "court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308 (1998). "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id. at 309.
Subject matter jurisdiction is the authority of the court to hear and decide cases of the general class to which the proceedings in question belong. See Henry F. Raab Connecticut, Inc. v. J.W. Fisher Co.,183 Conn. 108, 112 (1981). A court has subject matter jurisdiction if it has the competence to entertain the controversy before it. Id. Constitutional and statutory provisions are the source of a court's jurisdiction. Romanowski v. Foley, 10 Conn. App. 80, 83 (1987). Matters within the jurisdiction of the Superior Court deemed to be family relations matters shall be matters affecting or involving the establishing of paternity. Connecticut General Statutes. § 46b-1 (13) CT Page 7055-b
The first issue is whether the statutory language of § 46b-160 bars this action. The statute provides, in pertinent part, that "[p]roceedings to establish paternity of a child born or conceived out of lawful wedlock . . . shall be commenced by the service on the putative father of a verified petition of the mother or expectant mother. Connecticut General Statutes § 46b-160 (2001) (emphasis provided). The defendant argues that this provision restricts those who are authorized to seek a declaration of paternity to the mother, expectant mother, or the State of Connecticut. (Def.'s Mem. of Law in Support of Mot. to Dismiss at 2.) Because the plaintiff is the alleged child, and not the mother or expectant mother, the defendant argues that the plaintiff lacks standing to bring this action. The defendant's argument creates an issue of statutory interpretation.
The goal of statutory construction is to give effect to the legislative intent of the statute. See Hayes v. Smith, 194 Conn. 52, 57 (1984). The intent of the legislature is found in the meaning of what the legislature did say, and not in what the legislature meant to say. Id. at 58. Since § 46b-160 creates a statutory right in derogation of the common law, it must be strictly construed. Id. at 61. If the meaning of the statute is plain on its face, the court need not proceed further. "In the absence of ambiguity, courts cannot read into statutes, by construction, provisions which are not clearly stated, but must ascribe plain and ordinary meaning to the language used." Id at 58. (citations omitted)
In § 46b-160, the legislature has declared that paternity proceedings "shall be commenced by the service . . . of a verified petition of the mother or expectant mother [.]" (emphasis provided). The plain meaning of this provision is clear. It directs that paternity proceedings must be initiated by a petition of the mother or expectant mother. The plaintiff has not advanced any argument suggesting that the legislature intended § 46b-160 to authorize a paternity petition to be filed by anyone other than the mother, expectant mother, or State of Connecticut. Under these circumstances, the court is constrained to conclude that the plaintiff, as child, does not have standing to establish paternity of the alleged father. There is no indication in the plain and ordinary meaning of the statute that the legislature intended to extend standing to the child.
The second issue is whether the plaintiff's claim, brought ten years after the child's eighteenth birthday is barred by the statute of limitations. A petition to establish paternity "may be brought at any CT Page 7055-c time prior to the child's eighteenth birthday." Connecticut General Statutes § 46b-160 (2001). As mentioned above, § 46b-160 is to be strictly construed in a manner that gives effect to the legislative intent of the statute. Hayes, 194 Conn. at 57, 61.
In this case, the plaintiff cites to no authority suggesting that the right to bring such a claim survives well beyond the child's eighteenth birthday. Indeed, on the contrary, in Moore v. McNamara, 201 Conn. 16,22-23 (1986), the court said that "[w]here . . . a specific limitation is contained in the statute that creates the right of action and establishes the remedy, the remedy exists only during the prescribed period and not thereafter." Strict adherence to the plain and ordinary meaning of the statute precludes the plaintiff, the twenty-eight year old child, from bringing this action.
Because the plaintiff is not the mother or expectant mother of the child, and because the she brings this action ten years past her eighteenth birthday, the court is without subject matter jurisdiction to hear her claim.
Accordingly, for the foregoing reasons, the defendant Anthony Perugini's Motion to Dismiss is GRANTED.
So ordered.
__________________, J. Robert L. Holzberg