## DONA ROBINSON *v.* ITT CONTINENTAL BAKING CO. (2413)

DANNEHY, C.P.J., HULL and BORDEN, Js.

Argued April 10—decision released July 24, 1984

*Jesse M. Frankl,* with whom was *Dean F. Radke,* for the appellant (defendant).

*Gilbert Shasha,* with whom, on the brief, was *Barry J. Ward,* for the appellee (plaintiff).

HULL, J. The defendant appeals[1] from a judgment rendered for the plaintiff in the amount of $22,500 after a jury trial, and from the denial of both its motion to dismiss and its motion to set aside the verdict.

In July of 1979, the plaintiff, Dona Robinson, commenced this action to recover damages for personal injuries which she suffered after swallowing a cupcake made by the defendant that contained slivers of glass. The plaintiff, who injured her throat, filed a four count complaint alleging negligence, breach of express and implied warranties and products liability. The plaintiff, a resident of Maryland, purchased the cupcake in Maryland. The cupcake was manufactured in Massachusetts by the defendant, a corporation organized and incorporated under the laws of the state of Delaware. The defendant corporation was authorized to do business in Connecticut.

In August of 1979, the defendant's counsel entered an appearance, and thereafter filed answers to the complaint and engaged in extensive discovery proceedings as well as a pretrial conference. On February 24, 1982, approximately one and one half years after the suit was instituted, the defendant filed a motion to dismiss alleging a lack of both subject matter and personal jurisdiction. The trial court denied the motion to dismiss. In so doing, the court addressed only the claim regard-

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

ing absence of personal jurisdiction while remarking that the motion to dismiss was somewhat "ambiguous as to the ground asserted."[2] The court found that the defendant had waived any right to assert lack of personal jurisdiction because the issue of personal jurisdiction was not raised by way of a motion to dismiss within thirty days of the filing of the defendant's appearance.[3]

On appeal, the defendant claims that the court erred (1) in holding that the motion to dismiss asserted only a lack of personal jurisdiction; (2) in failing to grant the motion to dismiss for either a lack of subject matter jurisdiction or under the doctrine of forum non conveniens; (3) in that the award of damages was clearly excessive and the motion to set aside the verdict should have been granted; and (4) in opening the judgment to add interest.

I

Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. *England* v. *Coventry,* 183 Conn. 362, 364, 439 A.2d 372 (1981); *Henry F. Raab Connecticut, Inc.* v. *J. W. Fisher Co.,* 183 Conn. 108, 111–12, 438 A.2d 834 (1981). A court does not truly lack subject matter jurisdiction if it has

---

[2] The defendant's motion to dismiss was brought "pursuant to Sections 142 and 145 of the Connecticut Practice Book." Section 142 is the general procedural section and § 145 deals specifically with claims concerning lack of subject matter jurisdiction. The court found that while the defendants, by citing § 145, alleged a lack of subject matter jurisdiction, the motion itself read more like a personal jurisdiction claim. The court stated that the defendant has "not characterized the issue before the Court as subject matter jurisdiction and it does not appear to be so."

[3] Practice Book § 142 provides in part: "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance."

Practice Book § 145, however, provides that "[a]ny claim of lack of jurisdiction over the subject matter cannot be waived . . . ."

competence to entertain the action before it. *Henry F. Raab Connecticut, Inc.* v. *J. W. Fisher Co.*, supra, 112. In determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction shall be indulged. *Connecticut Light & Power Co.* v. *Costle,* 179 Conn. 415, 421 n.3, 426 A.2d 1324 (1980); *Diaz* v. *Board of Directors,* 2 Conn. App. 43, 476 A.2d 146 (1984). The source of the jurisdiction of a court is the constitutional and statutory provisions by which the court is created. *C.S.E.A., Inc.* v. *Connecticut Personnel Policy Board,* 165 Conn. 448, 456, 334 A.2d 909 (1973). The Superior Court of Connecticut "shall be the sole court of original jurisdiction for all causes of action . . . ." General Statutes § 51-164s; see *LaBella* v. *LaBella,* 134 Conn. 312, 316, 57 A.2d 627 (1948). The plaintiff's cause of action in this case is recognized under the statutes of this state. See General Statutes §§ 42a-2-313 through 42a-2-315 (breach of express and implied warranties); General Statutes § 52-572*l* (negligence); General Statutes § 52-572n (product liability). There is no question that the court had subject matter jurisdiction over this cause of action.

As to the claim regarding a lack of personal jurisdiction, the court quite properly found this claim to be waived as a result of the defendant's failure to raise it within thirty days from the filing of its appearance. Practice Book § 142.

The defendant, however, further contends that the court should have granted the motion to dismiss under the doctrine of forum non conveniens. We find that the defendant cannot prevail on this claim for two reasons. First, the defendant asserts that under certain circumstances, after considering the probability that the court may be unable to enforce its decree and whether complete justice can be done in the present forum, the court may decline to accept jurisdiction over the case. The defendant cites *Frick* v. *Hartford Life Ins. Co.,* 98

Conn. 251, 256, 119 A. 229 (1922), as support for this claim. Under this theory, the exercise of jurisdiction would be a matter of discretion, the abuse of which we do not find in this case.

Second, the defendant did not raise the issue of forum non conveniens in its motion to dismiss. The defendant's motion was based upon an express claim of lack of subject matter jurisdiction; yet, the substance of the defendant's argument, in its motion, reflected a claim of lack of personal jurisdiction. The defendant did not claim in its motion that the court *did* have jurisdiction but should decline it, in the interests of justice, on the ground that Connecticut was not the best forum for deliberation of the merits of the suit. We will not, therefore, consider this claim now. For this court to consider an issue on appeal, that issue must be distinctly raised below, not just briefly suggested. Practice Book § 3063; *McKiernan* v. *Caldor, Inc.*, 183 Conn. 164, 166, 438 A.2d 865 (1981).

II

The plaintiff was awarded $22,500 in damages for the injuries which she sustained. The defendant claims that this award was excessive and argues that the court, as a result, should either find error in the court's denial of the defendant's motion to set aside the verdict or, in the alternative, order a reasonable remittitur. The defendant did not request a remittitur below. The defendant contends that there was no evidence presented concerning the permanency of the injuries sustained by the plaintiff nor any evidence concerning the duration of pain. The plaintiff suffered a laceration to her left pyriform sinus and a swelling of the surrounding area including the larynx. Contrary to the defendant's contention, there was testimony concerning the effect of the injuries upon the strength, audibility and octave level of her voice. It is axiomatic that a resolu-

tion of the credibility of witnesses is strictly a matter for the trier of facts. *Williams* v. *Salamone,* 192 Conn. 116, 123, 470 A.2d 694 (1984).

The matter of damages is peculiarly within the province of the trier of fact. *Angelica* v. *Fernandes,* 174 Conn. 534, 535, 391 A.2d 167 (1978); *Jonap* v. *Silver,* 1 Conn. App. 550, 560, 474 A.2d 800 (1984). The court should not interfere with the jury's determination except when the verdict is plainly excessive or exorbitant. *Pisel* v. *Stamford Hospital,* 180 Conn. 314, 342–43, 430 A.2d 1 (1980); *Jonap* v. *Silver,* supra. "A trier of facts can conclude, by inference, that an injury will be permanent even though there is no medical testimony expressly substantiating permanency." *Royston* v. *Factor,* 1 Conn. App. 576, 577, 474 A.2d 108 (1984). Damages in personal injury cases cannot be computed mathematically, nor does the law furnish any precise, definite rule for their assessment. *Royston* v. *Factor,* supra. The trier of fact must evaluate the elements of damages relevant to the case and place a monetary value on them. *Kiniry* v. *Danbury Hospital,* 183 Conn. 448, 461, 439 A.2d 408 (1981); *Royston* v. *Factor,* supra. The award of damages in this case was not excessive or exorbitant and in no way shocked the sense of justice. *Kiniry* v. *Danbury Hospital,* supra.

The defendant further asserts that in November of 1982, several months after the filing of this appeal, the plaintiff filed a motion to open and correct the judgment, requesting that the court add interest to the judgment pursuant to Practice Book § 350. The court granted the motion over the defendant's objection and corrected the judgment to include interest in the amount of $2388 in the award.

A motion to open judgment is addressed to the discretion of the court. *Celanese Fiber* v. *Pic Yarns, Inc.,* 184 Conn. 461, 466–67, 440 A.2d 159 (1981). Upon

review, this court is limited to a determination of whether the trial court abused its discretion in opening the judgment and we must make every reasonable presumption in favor of its action. Id., 467.

It must be noted that this issue, the opening of the judgment for purposes of adding interest to the award, arose subsequent to the filing of the appeal. The record does not reflect the proceedings.[4] The defendant, furthermore, failed to file an amended appeal pursuant to Practice Book § 3062 or to file an amended preliminary statement of issues pursuant to Practice Book § 3012.[5] This court will not consider issues which are brought to the court's attention for the first time by way of the appellant's brief.

There is no error.

In this opinion the other judges concurred.

[4] There is authority for the proposition that where a postjudgment motion and order are not in the printed record but are in the file, the court may take judicial notice of the contents of the file. *Friedlander v. Friedlander,* 191 Conn. 81, 84 n.2, 463 A.2d 587 (1983); *Krawiec v. Kraft,* 163 Conn. 445, 451, 311 A.2d 82 (1972).

[5] Practice Book § 3062 provides: "Should the trial court, subsequent to the filing of the appeal, make a ruling which the appellant desires to have reviewed by the supreme court, the appellant shall amend his appeal, filing notice thereof with the chief clerk of the supreme court within twenty days from the issuance of notice of the ruling. The appellant may file an amendment to his preliminary statements of issues to present any claimed errors of law arising out of such a ruling at the time he files the notice." The failure to comply with § 3062 constitutes a ground for the court to refuse to consider the claim of error. *Costello v. Costello,* 186 Conn. 773, 778–79, 443 A.2d 1282 (1982).

Likewise, the failure to set out a claim of error in the preliminary statement of issues may be fatal to its consideration on appeal. See *State v. Ouellette,* 190 Conn. 84, 101 n.13, 459 A.2d 1005 (1983); *Presutti v. Presutti,* 181 Conn. 622, 626, 436 A.2d 299 (1980). Finally, the failure to comply with § 3062 has been found to be a sufficient ground to refuse review even where an amended preliminary statement of issues has been filed. *Brown v. Brown,* 190 Conn. 345, 350–51, 460 A.2d 1287 (1983).