[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
Nature of Action
This is an appeal from the defendant Preston Planning and Zoning Commission's (hereinafter the defendant Commission) approval of a resubdivision application concerning property abutting property owned by the plaintiffs Francis and Nancy Ennis.
Procedural Facts
On May 25, 1989, the defendant Lauri P. Pulkkinen submitted an application to the defendant Commission for resubdivision of a 21.53 acre parcel of land on Krug Road in CT Page 3980 Preston into six lots. (R.O.R. Item 20). The subject property is owned by the defendants Lauri P. and Carolyn Pulkkinen. (Defendants' Answer dated November 21, 1989).
A public hearing on said application was held on July 5, 1989. (R.O.R. Item 16). Notice of the July 5, 1989 public hearing was published on June 21, 1989 (R.O.R. Item 39) and June 28, 1989 (R.O.R. Item 40). Notice of the July 5, 1989 public hearing was published within the time limits established in Connecticut General Statutes section 8-26
(rev'd to 1988).
On August 1, 1989, the defendant Commission voted to approve the defendant Pulkkinen's application. (R.O.R. Item 14). A notice of the decision was published on August 3, 1989 (R.O.R. Item 42). Notice of the defendant Commission's decision was published within the time limit established in Connecticut General Statutes section 8-26.
The plaintiffs' appeal of the defendant Commission's decision was served on the Preston Town Clerk and the Chairman of the defendant Commission and the Pulkkinen defendants on August 18, 1989. The appeal was filed with the court on September 11, 1989.
Connecticut General Statutes section 8-8 (a) (revised to 1988) provides in pertinent part:
 Any person or persons jointly or severally aggrieved by any decision of said board, or any person owning land which abuts. . . any portion of the land involved in any decision of said board, . . .may, within fifteen days from the date when notice of such decision was published. . .take an appeal to the superior court. . .
Since the plaintiffs caused this appeal to be served on the defendants within fifteen days from the date of publication of the Commission's decision, this appeal is timely. See Conn. Pub. Acts No. 90-286 (1990).
Authority for Agency Action
Connecticut General Statutes section 8-26 authorizes the defendant Commission to "approve, modify and approve, or disprove any subdivision or resubdivision application. . . ."
Aggrievement CT Page 3981
Aggrievement is a prerequisite to maintaining an appeal. See Smith v. PZB, 203 Conn. 317, 321 (1987). Connecticut General Statutes section 8-8 (a) provides that a person who owns land which abuts the land involved in the decision of a zoning board is "statutorily aggrieved." At the hearing held before the Court (Hurley, J.) on July 20, 1990, the parties stipulated to the fact that plaintiffs own land abutting the land involved in the subject resubdivision application, and the Court found aggrievement.
DISCUSSION
Scope of Review
A trial court is not at liberty to substitute its judgment for that of the administrative tribunal. See Frito-Lay, Inc. v. PZC, 206 Conn. 554, 572-73 (1988); Parks v. PZC,178 Conn. 657, 663 (1979). The court is only to determine whether the zoning commission has acted illegally, arbitrarily, or in abuse of its discretion. See Frito-Lay, Inc., 206 Conn. at 573; Raybestos-Manhattan, Inc. v. PZC,186 Conn. 466, 470 (1982). The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Primerica v. PZC, 211 Conn. 85, 96 (1989); Burnham v. PZC, 189 Conn. 261, 265 (1983).
Burden of Proof
The burden of proof to demonstrate that the commission acted improperly is upon the plaintiff. Burnham,189 Conn. at 266.
Issues on Appeal — Court Limited to Grounds Both Alleged in Complaint and Briefed
"It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. (Citations omitted)." Lamb v. Burns, 202 Conn. 158,172 (1987), (quoting Mathews v. F.M.C. Corporation, 190 Conn. 700,705 (1983)). "A judgment upon an issue not pleaded would not merely be erroneous, but would be void." Tehrani v. Century Medical Center, 7 Conn. App. 301, 308 (1986). In appeals of judicial decisions, the reviewing court "will not consider issues which are brought to the court's attention for the first time by way of appellant's brief." Robinson v. ITT Continental Baking Co., 2 Conn. App. 308, 314 (1984).
The plaintiffs raise numerous claims of error for the first time in their brief. On July 20, 1990, the date of the court hearing on this appeal, the plaintiffs filed a CT Page 3982 request for leave to amend their complaint in order to add to their complaint the claims of error raised in their brief. The defendants objected to the amendment and the Court (Hurley, J.) sustained the objection. Consequently, the Court will not consider the numerous claims of error briefed by the plaintiffs but not alleged in their complaint.
Similarly, the plaintiffs alleged several claims of error in their complaint which were not briefed. Issues not briefed are considered abandoned. See DeMilo v. West Haven,189 Conn. 671, 681-82 n. 8 (1983).
Therefore, only the following issues, having been both alleged in the complaint and briefed by the plaintiffs, are presented to the Court by this appeal: (1) whether the defendant Commission failed to require the subject application to comply with section 6.4 of the Preston Subdivision Regulations thereinafter "regulations") concerning trees planted along the proposed street; (2) whether the defendant Commission failed to require the subject application to comply with section 6.1.4 of the regulations, concerning rectangular shaped lots and excessively deep lots; (3) whether the intersection of the proposed road with the existing Krug Road will create dangerous "site" (sic) lines; and (4) whether the defendant Commission was obligated to disapprove the subject application because it had disapproved a prior application involving the same property.
Nature of Commission's Function
When exercising its function of approving or disapproving a subdivision plan, the municipal planning commission is acting in an administrative capacity and has no discretion or choice but to approve a subdivision if it conforms to the town's regulations. Reed v. PZC, 208 Conn. 431,433 (1988). If the subdivision plan does not conform as required, the plan may be disapproved. Id.
Connecticut General Statutes section 8-26 provides in pertinent part:
 (N)othing in this section shall be deemed to authorize the commission to approve any such subdivision or resubdivision which conflicts with applicable zoning regulations. Such regulations may contain provisions whereby the commission may waive certain requirements under the regulations by a three-quarters vote of all the members of the commission in cases CT Page 3983 where conditions exist which affect the subject land and are not generally applicable to other land in the area, provided that the regulations shall specify the conditions under which a waiver may be considered and shall provide that no waiver shall be granted that would have a significant adverse effect on adjacent property or on public health and safety. The commission shall state upon its records the reasons for which a waiver is granted in each case.
Regulations Concerning Trees
The plaintiffs allege that the defendant Commission acted illegally by approving the subject application when "(t)he approved plans fail to show trees planted on both sides of the proposed street approximately 50 feet from one another, as required by Section 6.4 of the Subdivision Regulations."
Section 6.4 of the regulations provides:
 6.4 Trees. Street trees shall be planted on both sides of every new street unless specifically waived by the Commission. Trees shall be spaced approximately fifty (50) feet apart, subject to variations made necessary by driveways, street corners, and walks and shall be located in the areas and/or alternate areas as designated on the subdivision plan.
Section 5.4.1 of the regulations requires the applicant to submit a "construction plan" with his application which "shall include," inter alia; "5.4.1 Plan and profile for all proposed streets, showing: . . . (h) Locations of street signs, trees, and other special landscape features to be installed by the applicant."
The defendants argue that "Sheet 2 of Item 38 shows trees on both sides of the cul-de-sac." (Defendant's Brief at p. 7). Nevertheless, the "trees" referred to by the defendants are undefined symbols scattered throughout the subdivision, presumably representing the "existing. . .trees in excess of two (2) feet in diameter" required by regulation section 5.3.5 to be shown on the boundary survey map. None of the maps or plans contained in the record show trees to be planted by the applicant along both sides of the proposed street. CT Page 3984
The defendants argue in the alternative that if the Court finds that the submitted plans do not meet this requirement of the regulations, "this court must conclude the Commission waived the requirement when it voted unanimously to approve the application."
As already noted, Connecticut General Statutes section 8-26 authorizes a planning commission to waive certain requirements under the town's regulations "by a three-quarters vote of all the members of the commission" and under certain conditions. Section 8.1 of the Preston regulations mirrors the language found in Connecticut General Statutes section 8-26
and sets forth four conditions under which waivers may be granted. Both Connecticut General Statutes section 8-26 and section 8-2 of the regulations provide: "The Commission shall state upon its records the reasons for which a waiver is granted in each case."
The record does not reveal that the defendant Commission ever discussed waiving any of the regulations' requirements for the subject application, or that the defendant Commission ever voted on a motion to waive any requirements. Further, the record does not contain any statement of the reasons for which a waiver was granted.
The defendants cite no authority for their contention that by voting to approve the subject subdivision application, the defendant Commission voted to waive the requirements of regulations sections 5.4.1(h) and 6.4. The minutes of the August 1, 1989 meeting of the defendant Commission, at which the subject application was approved, state that the only motion upon which the defendant Commission voted concerning the subject application was: "Motion (Moulson, Drew) to approve the proposed resubdivision plan for the six additional lots. . .Motion approved: unanimous." (R.O.R. Item 14).
The intent of Connecticut General Statutes section8-26 and sections 8.1 and 8.2 of the Preston regulations is that the granting of a waiver is to be a function distinct from voting to approve a subdivision application. "(I)n passing on plans for proposed subdivisions a commission is bound by its regulations." Nicoli v. PZC, 171 Conn. 89, 91
(1976).
No valid waiver of regulations sections 5.4.1(h) and 6.4 was granted by the defendant Commission to the defendant applicant. Since the subject application does not conform to these regulations, the defendant Commission acted illegally in approving it. Consequently, this appeal must be sustained. CT Page 3985
Although the foregoing claim of error is dispositive of this appeal, the merits of the remaining claims of error will be discussed.
Regulation Concerning Shape of Lots
Section 6.1.4 of the regulations provides:
 6.1.4. To the maximum extent possible, lots shall be generally rectangular in shape and excessively deep lots shall be avoided.
The plaintiff alleges that the approved plan violates this section. The transcript and minutes of the July 5, 1989 public hearing reveal that the issue of the shape of the proposed lots was raised by the plaintiff "Frank" Ennis and considered by the Commission. (R.O.R. Item 16 at pp. 4-5; Item 13). One Commission member noted:
 Drew: You do the best you can with what you got to work with, and he did. I mean, he took one whole side of the street and did it, and he's got a piece of land on the other side of the street and he made sure it was big enough to be made a lot so it's not remaining land, cause if it was remaining land, the whole thing would get shot down again, that's what we shot it down last time for. You've gotta work with what you have to work with. And, you know, try to conform the best you can. And, probably, he did the best he could.
(R.O.R. Item 16 at p. 5).
Regulation section 6.1.4 is directory in nature and does not impose a mandatory requirement that all subdivision lots must be rectangular. Evidence in the record supports a finding that the Commission properly considered regulation section 6.1.4 when reviewing the subject application and determined that "to the maximum extent possible" this regulation had been satisfied.
Sight Lines of Proposed Intersection
The plaintiffs allege that the intersection of the proposed cul-de-sac street with existing Krug Road will have dangerous "site" (sic) lines and will create dangerous traffic CT Page 3986 conditions. The transcript and minutes of the July 5, 1989 public hearing reveal that the plaintiff "Frank" Ennis expressed his opinion to the Commission that the proposed intersection would have dangerous sight lines. (R.O.R. Item 14, p. 3; Item 13). The minutes of the August 1, 1989 Commission meeting at which the subject application was approved state: "Pulkkinen proposed 6 lot resubdivision on Krug Road. Various members noted that they had been out to the site to check the sight lines for the proposed road, and they appeared to be satisfactory." (R.O.R. Item 14). Further, at the public hearing, Mr. Carrier, a professional engineer representing the applicant, discussed the sight lines of the proposed intersection and stated, ". . .We have examined the sight line, and there is adequate sight line." (R.O.R. Item 16, p. 3).
 The conditions which might make an intersection unsafe are many and varied. No one standard could ever be adopted to cover adequately all future cases. Judgment and experience must be applied in each instance, and an administrative agency. . .may act upon its own knowledge and observation, as well as the evidence presented to it at a hearing. (Citation omitted).
Blakeman v. PC, 152 Conn. 303, 307 (1965).
A planning commission, when reviewing a subdivision plan, is entitled to consider any facts concerning traffic, the intersection and the surrounding area learned by personal observation. Forest Construction Co. v. PZC, 155 Conn. 669,675 (1967). "Courts reviewing decisions of local zoning authorities afford them discretion `in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution.' (Citations omitted)." Carlson v. Fisher, 18 Conn. App. 488, 506 (1989).
The record reflects that the defendant Commission properly considered the safety of the proposed intersection. The defendant Commission's determination that the sight lines of the proposed intersection were adequate was not an abuse of the Commission's discretion and is supported by the Commission's own observations and testimony before the Commission.
Whether Prior Decision Is Binding CT Page 3987
The last claim of error presented by this appeal is that the defendant Commission is bound by their November 1, 1988 denial of a proposed four lot subdivision of the subject property. (Plaintiff's Brief at p. 12). Originally, the Return of Record filed with the court by the defendant Commission contained minutes and transcripts of the hearings and meetings concerning the 1988 four lot subdivision application. Upon a November 21, 1989 motion to correct the record by the defendant applicants, the court (Walsh, J.) ordered those items to be stricken from the record. At the time of the court hearing on this appeal, the plaintiffs moved to introduce evidence outside the record, including, inter alia, the minutes, transcripts and maps concerning the 1988 four lot subdivision application. The Court (Hurley, J.) denied the plaintiffs' motion.
In general, a zoning authority cannot reverse a prior decision unless "there has been a change of conditions or other considerations have intervened which materially affect the merits of the matter decided." Grillo v. ZBA,206 Conn. 362, 367 (1988). This rule, however, applies "only when the subsequent application seeks substantially the same relief as that sought in the former." Id.
The parties to this appeal do not dispute that the 1988 subdivision application was for four lots, while the subject application is for six lots. This fact alone renders the two applications substantially different so that the defendant Commission was obligated to consider the subject application on its own merits and was not bound by its 1988 decision.
This appeal is hereby sustained on the sole ground that the defendant Commission acted illegally in approving the subject application when it failed to satisfy the requirements of regulations sections 6.4 and 5.4.1. When, as a matter of law, there is but a single conclusion which the zoning authority could reasonably reach, the court may direct the zoning authority to do what that conclusion legally requires. Thorne v. Zoning Commission, 178 Conn. 198, 206 (1979). The appeal is therefore sustained.
Hurley, J.