[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS #107
In its substituted complaint, the plaintiff, the State of Connecticut Department of Income Maintenance, alleges that the defendant, Vladimir Coric, M.D., improperly billed the Medicaid program in the amount of $12,873.00. The plaintiff claims that it is entitled to recover that amount, plus costs, attorneys' fees, and treble damages pursuant to General Statutes 52-564, the Connecticut civil theft statute.
Before the commencement of this civil action, in May 1989, the State initiated a criminal prosecution, charging the defendant with larceny in the first degree by defrauding a public community in violation of General Statutes 53a-122 (a)(4) and 53a-121 (b). Defendant's Exhibit A. The defendant pleaded nolo contendere to the larceny charge and was given a suspended sentence of three years with two years probation, a $6,000.00 fine, and was ordered to pay restitution in the amount of $30,028.80. Defendant's Exhibit B. Following his conviction, the Connecticut Department of Health Services instituted an administrative proceeding against the defendant, wherein the defendant admitted to a violation of General Statutes2-13 (c)(4) for failure to conform to the accepted standards of the medical profession. Defendant's Exhibit C. This CT Page 6926 administrative proceeding resulted in a consent order, wherein the defendant's license to practice medicine was suspended for one year, the suspension being stayed during a probationary period in which significant restrictions and conditions were imposed upon the defendant. Defendant's Exhibit C.
The defendant now moves to dismiss this action, arguing that (1) the claim is time barred; (2) the action is barred by the "double jeopardy" provisions of the federal and state constitutions; and (3) the action is barred by the doctrine of res judicata. The defendant's motion is accompanied by a memorandum of law.[1]
The plaintiff has objected to the motion, arguing that the defendant's statute of limitations, res judicata, and double jeopardy claims are not properly raised on a motion to dismiss. The plaintiff further argues that the State is not subject to the statute of limitations, and that the claim is not in fact barred by the double jeopardy provisions of the state and federal constitutions. The plaintiff has submitted a memorandum of law.
The motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. See Practice Book 142; Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702, 556 A.2d 602 (1989). The motion to dismiss is governed by Practice Book 143, which provides in pertinent part that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process . . . ." Id. A motion to dismiss may be granted only when it clearly appears on the face of the entire record that the court is without jurisdiction. White-Bowman Plumbing and Heating Inc. v. Biafore,182 Conn. 14, 18, 437 A.2d 833 (1980).
A. The Statute of Limitations
The defendant's first ground is that the plaintiff's claim is barred by the statute of limitations. Ordinarily, the statute of limitations must be specially pleaded, and cannot be raised by a motion to dismiss. Ross Realty Corporation v. Surkis, 163 Conn. 388, 391, 311 A.2d 74
(1972); see also Mac's Car City v. DiNigro, 18 Conn. App. 525,528, cert. denied, 212 Conn. 807 (1989) (statute of limitations must be specially pleaded). The motion to dismiss cannot be granted on this ground. CT Page 6927
B. Res Judicata
The defendant's second ground is that the plaintiff's claim is barred by the doctrine of res judicata. A motion to dismiss cannot be used to determine whether res judicate bars a claim, even with respect to a jurisdictional issue. Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985) (res judicata properly must be raised as a special defense). Therefore, a motion to dismiss cannot be granted on this ground.
C. Double Jeopardy
The defendant argues that this action is based on the same facts and transactions as the earlier criminal and administrative proceedings, and cites United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), for the proposition that this action is barred by the double jeopardy provisions of the federal and state constitutions. Noting that "[t]he notion of punishment . . . cuts across the division between the civil and the criminal law," id., 447-48, the United States Supreme Court held that under the Double Jeopardy Clause, "the Government may not criminally prosecute a defendant, impose a criminal penalty upon him, and then bring a separate civil action based on the same conduct and receive a judgment that is not rationally related to the goal of making the Government whole," id., 451, but which serves only as deterrent or retribution, id., 449.
While the defendant claims that the state's claim is barred by double jeopardy, he has neither argued nor cited authority for the proposition that a double jeopardy claim, if proven, would deprive the court of jurisdiction, or that it would implicate any of the grounds enumerated in Practice Book 142. Although the defendant has not characterized this defense as one that would deprive the court of subject matter jurisdiction, the court may construe the defendant's double jeopardy claim as a challenge to the court's subject matter jurisdiction.
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Henry J. Raab Connecticut, Inc. v. J. W. Fischer Co., 183 Conn. 108, 112, 438 A.2d 834
(1981). "A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." Robinson v. ITT Continental Baking Co., 2 Conn. App. 308,310-11, 478 A.2d 265 (1984). The source of the jurisdiction of a court is the constitutional and statutory provisions by which the court is created. Id. See also CT Page 6928 Bridgeport v. Debek, 210 Conn. 175, 180, 554 A.2d 728 (1989); Castro v. Viera, 207 Conn. 420, 427, 541 A.2d 1216 (1988). Because General Statutes 51-164s gives the superior court jurisdiction for "all causes of action", this court has subject matter jurisdiction in the absence of grounds that would deprive the court of jurisdiction.
The Connecticut Supreme Court has not analyzed double jeopardy claims as implicating subject matter jurisdiction, but has instead consistently referred to double jeopardy as a "defense." See, e.g., State v. Almeda, 211 Conn. 441, 448,560 A.2d 389 (1989); State v. Snook, 210 Conn. 244, 263,555 A.2d 390, ___ U.S. ___ cert. denied, 109 S.Ct. 3258 (1989); Convalescent Center v. Department of Income Maintenance,208 Conn. 187, 195, 544 A.2d 604 (1988). Under our rules of practice, defenses may not be raised on a motion to dismiss, but must be specially pleaded. See Practice Book 1644; see, e.g., Zizka v. Water Pollution Control Authority, supra, 687 (defense of res judicata not proper on a motion to dismiss); Ross Realty Corporation v. Surkis, supra, 391 (defense of statute of limitations not properly raised on a motion to dismiss).
The defendant's double jeopardy claim fits within the Practice Book definition of a special defense as "[f]acts which are consistent with [the plaintiff's allegations] but show, notwithstanding, that he has no cause of action . . . ." Practice Book 164. Furthermore, the Connecticut Supreme Court has noted the similarity of double jeopardy and res judicata principles, noting that "the defense of collateral estoppel is a civil analogue to the criminal law's defense of double jeopardy, because both invoke the right not to have to go to trial on the merits." Convalescent Center v. Department of Income Maintenance, supra, 195. Under Practice Book 164, res judicata is a special defense which must be specially pleaded, and therefore double jeopardy, likewise, may not be raised on a motion to dismiss, but must be specially pleaded under Practice Book 164.
It should be noted that, in criminal proceedings, double jeopardy may be raised in a motion to dismiss. See Practice Book 814(6). However, unlike Practice Book 142, Practice Book 814(6) expressly permits motions to dismiss "based upon a previous prosecution barring the present prosecution." Practice Book 814(6). This ground is not among those enumerated in Practice Book 142, which includes only grounds that affect the court's jurisdiction. Thus, because it appears to be a defense rather than a jurisdictional concern, double jeopardy is not properly raised on a motion to dismiss, and the motion cannot be CT Page 6929 granted on this ground.
The motion to dismiss is denied.
Burns, J.