[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal of a decision of the defendant, Zoning Board of Appeals of the City of Bridgeport ("ZBA"), commenced pursuant to General Statutes section 8-8 (b) by the plaintiff, Amoco Oil Company. The plaintiff is the owner of property located at 3956 Main Street in Bridgeport. (Return of Record ["ROR"] b, Petition to the Zoning Board of Appeals, dated March 8, 1991; Plaintiff's Exhibit A, certified copy of warranty deed, recorded March 1, 1962, certified as true copy October 7, 1992). The property is divided by a zone boundary line, leaving the parcel situated partially in a Business Number 3 zone, and partially in a Residence A. zone. (ROR a, Transcript of April 9, 1991 public hearing, pp. 23-23). The plaintiff currently operates a gasoline service station on the subject property. (ROR a, p. 2).
On March 8, 1991, the plaintiff submitted a petition to the ZBA seeking a special exception to build a convenience store on the subject property. (ROR b). The plaintiff sought to replace the existing gasoline pumps and attendant's booth with more modern petroleum distribution equipment and a 1,084 square foot convenience store. (ROR b, ROR a, pp. 2-3). While the plaintiff's current operation took place only on that portion of the subject property situated in the Business Number 3 zone, the proposed construction would place part of the business in the Residence A. zone. (ROR b: ROR c, Legal notice of Hearing and Certificate of Publication in Bridgeport Post dated March 28, 1992). Accordingly, the plaintiff sought the special exception under Chapter 21, section 2(c)(1) of the Bridgeport Zoning Regulations which provides that "[t]he Zoning Board of Appeals is hereby empowered to grant special exceptions in the following instances: 1. Where a zone boundary divides a lot in single ownership, to permit a use authorized on either portion of such lot to extend to the entire lot." Convenience CT Page 11714 stores and gasoline service stations are authorized uses in the Business Number 3 zone. See Bridgeport Zoning Regulations, Chapter 10, Sections 3(b) and 3(o)(1).
The plaintiff had filed a similar, but not identical petition in August of 1988. (ROR b). That petition was denied by the ZBA. (ROR t, Certified Copy of Decision). The plaintiff appealed the ZBA's decision to the superior court, and its appeal was subsequently dismissed by the court (Gray, J.) See Amoco Oil Company v. Zoning Board of Appeals of the City of Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 88 252825 (October 16, 1989.).
A duly noticed public hearing was commenced on April 9, 1991 at which the plaintiff's current petition was considered by the ZBA. (ROR c, ROR d, Legal Notice of Hearing and Certificate of Publication in Bridgeport Post dated April 4, 1941, ROR a). At the hearing, the plaintiff's project engineer, Frank Hyson, addressed the particulars of the proposed work, including the site plan, construction and the anticipated extent of the new operation. (ROR a, p. 2-5, 7, 12). An independent traffic engineer retained by the plaintiff, Benedict Barkan, stated that he had conducted a traffic study, and concluded that the proposed construction would have little or no impact on local traffic patterns or density. (ROR a, p. 13-16; ROR h, Traffic Study, dated April 4, 1991.) These witnesses as well as the plaintiff's attorney, explained the differences between this petition and the plaintiff's prior petition, which include an increased vegetation buffer and a "deferred parking" plan. (ROR a, pp. 4-16)
Opposition to the plaintiff's petition was voiced by five residents of the area, one of whom is the alderman for the district in which the subject property is located. (ROR a, pp. 18-27). These citizens spoke of their concerns regarding noise, traffic and air pollution. (ROR a. pp. 18-27).
On April 22, 1991, the ZBA voted to deny the plaintiff's petition. (ROR w, Notice of Decision, dated April 22, 1992). The ZBA cited as the reason for its decision that "[t]he granting of this petition will result in an overuse of the subject premises." (ROR w). The plaintiff filed this appeal on May 22, 1991, stating in its complaint as grounds for the appeal that the ZBA acted:
(1) illegally, arbitrarily, and capriciously,
(2) in violation of its ministerial mandate to grant the CT Page 11715 petition,
(3) without regard for the evidence submitted by the plaintiff satisfying the conditions precedent to the issuance of the special exception;
(4) invalidly in reaction to political pressure in opposition to the application,
(5) as a result of conversations outside the record between ZBA members and opponents of the petition,
(6) in a manner contrary to applicable provisions of the Bridgeport Zoning Regulations,
(7) in violation of applicable statutory mandates.
(8) in a manner contrary to the constitutional safeguards of due process,
(9) in abuse of the discretion vested in it, and
(10) without a rational basis.
The parties briefed their respective positions, and a hearing was held before the court on October 8, 1992.
A. AGGRIEVEMENT
"The question of aggrievement is essentially one of standing." DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369, 373,588 A.2d 244 (1991). Aggrievement is a statutory prerequisite to maintaining an appeal. Smith v. Planning and Zoning Board, 203 Conn. 317,321, 524 A.2d 1128 (1987). The owner of property that is the subject of an agency's decision is considered aggrieved and is entitled to maintain an appeal. Bossert Corp. v. Norwalk, 157 Conn. 279,285, 253 A.2d 39 (1968).
At the hearing, the plaintiff introduced into evidence a certified copy of its deed to the subject property. (Plaintiff's Exhibit A.). On the basis of this evidence, the court found the plaintiff to be aggrieved.
B. TIMELINESS CT Page 11716
An aggrieved party may take an appeal to the superior court "within 15 days from the date when notice of such decision was published." General Statutes section 8-8 (b). In the instant case, notice of the ZBA's decision was published in the Bridgeport Post on April 28, 1991. (ROR x, Legal Notice and Certificate of Publication, dated April 28, 1991.) The plaintiff commenced the appeal by service of process upon the Bridgeport Town Clerk, the Bridgeport City Clerk, and the Chairman of the ZBA on May 10, 1991. (Sheriff's Return, dated May 10, 1991.) Therefore, the plaintiff's appeal is timely.
C. SCOPE OF JUDICIAL REVIEW
In general, "[W]hen ruling upon an application for a special permit, a [zoning authority] acts in an administrative capacity." Double I Limited Partnership v. Planning and Zoning Commission,218 Conn. 65, 72, 588 A.2d 624 (1991). The zoning authority "has no discretion to deny the special exception if the regulations and statutes are satisfied." Daughters of St. Paul, Inc. v. Zoning Board of Appeals, 17 Conn. App. 53, 56, 549 A.2d 1076 (1988). However, "[i]n applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Schwartz v. Planning and Zoning Commission,208 Conn. 146, 152, 543 A.2d 1339 (1988). Conclusions reached by a zoning authority must be upheld by the trial court if they are reasonably supported by the record. Primerica v. Planning and Zoning Commission, 211 Conn. 85, 96, 558 A.2d 646 (1989). The plaintiff has the burden of proving that the Commission acted improperly. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707,535 A.2d 799 (1988).
"It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint." (Citations omitted.) Lamb v. Burns, 202 Conn. 158, 172, 520 A.2d 190 (1987). "A judgment upon an issue not pleaded would not only be erroneous, but it would be void." (Citation omitted.) Tehrani v. Century Medical Center, 7 Conn. App. 302, 308, 508 A.2d 814 (1986). The "court will not consider issues which are brought to the court's attention for the first time by way of the appellant's brief." Robinson v. ITT Continental Baking Co., 2 Conn. App. 308, 314, 478 A.2d 265 (1984).
In its brief, the plaintiff advances the following arguments:
(1) The plaintiff did not receive even a rudimentary level CT Page 11717 of procedural due process ordinarily accorded parties in an administrative hearing.
(2) The ZBA's denial of the plaintiff's petition for a special exception violates the Bridgeport Zoning Regulations.
(3) The ZBA was predetermined to deny the plaintiff's petition.
The plaintiff's third argument that is, predetermination was not raised in its complaint, and therefore need not be considered by the court as it is improperly raised. See Robinson v. ITT Continental Baking Co., supra. Regarding those allegations of improper conduct which were raised in the plaintiff's complaint but not set forth in its brief, it is well settled that issues not briefed are deemed abandoned. State v. Ramsundar, 204 Conn. 4, 16, 526 A.2d 1311
(1987); Shaw v. Planning Commission, 5 Conn. App. 520, 525,500 A.2d 1338 (1985). Additionally, the court first considers the issue of whether the reason given by the ZBA for its decision is supported by the record, since the question is indirectly raised in both the plaintiff's complaint and its brief, and since the issue is at the core of the court's standard of review. "The action of the commission should be sustained if even one of the stated reasons is sufficient to support it." Goldberg v. Zoning Commission, 173 Conn. 23, 26,376 A.2d 385 (1977). See also Primerica v. Planning and Zoning Commission, supra, 96.
D. DISCUSSION
As noted above, the ZBA stated as the reason for its denial of the plaintiff's petition that "[t]he granting of this petition will result in an overuse of the subject premises." (ROR w). In light of the contents of the record before the ZBA, the court concludes that the ZBA's conclusion was arbitrarily made.
The word "overuse" is defined in Webster's Seventh New Collegiate Dictionary (1971) as "excessive use." See also The American Heritage Dictionary, 2nd College Edition (1985). "Overuse" of a parcel is a valid consideration to the ZBA, as the zoning regulations specifically require the ZBA to consider the "intensity" of a proposed use upon hearing a petition for a special exception. See Bridgeport Zoning Regulations, Chapter 21, Section 2(b)(a). The regulations, however, do not prescribe a standard by which to make such a determination. Nevertheless, the record before the ZBA indicates a dearth of evidence with which to make such a conclusion CT Page 11718 under any standard.
At the hearing, the plaintiff's project engineer stated that the proposed construction would actually call for a reduction in the number of gas pumps on the subject property, from ten pumps to four. (ROR a, p. 2.) The plaintiff's traffic engineer stated that the reduction in gas pumps would offset the addition of a convenience store; consequently, the changes proposed in the plaintiff's petition would result in little or no increased traffic. (ROR a, p. 16). The plaintiff's attorney stated that the store would not be operated on a 24-hour basis, and he agreed to allow the ZBA to restrict the hours of operation. (ROR a, p. 6).
Testimony as to the foregoing was uncontradicted by any expert testimony (ROR a). While there was neighborhood opposition to the project, that opposition was based upon factors such as noise, gasoline fumes, and the potential for crime in the area. (ROR a, p. 18-27). However, there was no evidence presented to show that any of these problems would increase in magnitude if the special exception was granted. Therefore, these reasons are insufficient to support the conclusion that the subject property would be "overused" if the plaintiff's petition were granted. Accordingly, the ZBA acted illegally, arbitrarily, and in abuse of its discretion in relying upon "overuse" as its reason for denying the plaintiff's petition.
In light of the foregoing, the court sustains the plaintiff's appeal. There is no need to consider the plaintiff's remaining arguments in support of the appeal.
Leheny, J.