[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This is an administrative appeal, filed pursuant to General Statutes § 8-8, by the plaintiffs, Gerald Sibley and William Palmberg, who claim that the Stafford Zoning Board of Appeals (ZBA) erred in its decision denying them a variance to combine two lots (#'s 173 174) and to reduce the side setback requirements regarding the two lots that they own in Stafford at Lake Shore Boulevard. The plaintiffs were seeking a variance in order to build a single family house. (ROR, Item 2, p. 24). The ZBA is vested with the power to grant variances pursuant to General Statutes § 8-6(3).
On June 30, 1992, the plaintiffs submitted an application for a variance on property located in an "AA" zone, a residential zone, on zone map #18, lot #32. (ROR, Item 3). The plaintiffs sought a sideyard reduction from the 20 foot requirement[1] to 10 feet and to "combine two non-conforming lots to one lot less than the 40,000 [sic] square feet[2] required by the zoning regulations." (ROR, Item 3).
On August 13, 1992, the ZBA conducted a public hearing on the plaintiffs' application. (ROR, Item 4). The hearing on the plaintiffs' application was continued on October 22, 1992. (ROR, Item 6). At that the continued hearing, the ZBA voted unanimously to deny the variance. (ROR, Item 7). The reason given by the ZBA was that granting the variance "was not in the best interest of the community." (ROR, Item 7, para. 4). The plaintiffs appeal from the ZBA's decision denying the variance.
DISCUSSION
 Jurisdiction
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions that created the right.Simko v. Zoning Board of Appeals, 206 Conn. 374, 377, 538 A.2d 202
(1988). These provisions are mandatory and jurisdictional; failure to comply may subject the appeal to dismissal. Id.
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planningand Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953 (1991). CT Page 7122 "The question of aggrievement is essentially one of standing."DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369, 373,573 A.2d 1222 (1991). "`Aggrieved person' means a person aggrieved by a decision of a board . . . ." General Statutes § 8-8(a)(1). An owner of the subject property is aggrieved and entitled to bring an appeal. Winchester Woods Associates v. Planning and ZoningCommission, supra, 308; Bossert Corp. v. Norwalk, 157 Conn. 279,285, 253 A.2d 39 (1968).
The plaintiffs allege that they are the owners of the subject property. (Plaintiffs' complaint, para. 1). The ZBA admits that the plaintiffs own the property. (Defendant's answer, para. 1). The court finds that the plaintiffs own the property, and that the plaintiffs are aggrieved by the decision of the ZBA.
The function of the trial court is to examine the record to determine if a board's denial of a variance is reasonably supported by the record. Chevron Oil Co. v. Zoning Board of Appeals,170 Conn. 146, 152-53, 365 A.2d 387 (1976). If the board fails to give reasons for its actions, or if its reasons are inadequate, the trial court must search the record to determine whether a basis exists for the action taken. A.P. W. Holding Corporation v.Planning Zoning Board, 167 Conn. 182, 186, 355 A.2d 91 (1974). If the record does not support the board's denial of the variance, then the court is warranted in concluding that the action of the board was arbitrary, illegal, or an abuse of its discretion.Chevron Oil Co. v. Zoning Board of Appeals, supra. The plaintiff has the burden of proof in challenging the administrative action.Red Hill Coalition, Inc. v. Conservation Commission, 212 Conn. 710,718, 563 A.2d 1339 (1989).
A property owner may legally engage in' a use that is prohibited by the zoning regulations by either obtaining a variance or the use may qualify as a nonconformity. Adolphson v. ZoningBoard of Appeals, 205 Conn. 703, 710, 535 A.2d 799 (1988). A zoning board of appeals has the power to grant a variance. General Statutes § 8-6(3). "A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations . . . ." Kaeser v. Zoning Board of Appeals, 218 Conn. 438, 445,589 A.2d 1229 (1991). A variance should be granted sparingly and only in circumstances where the applicant has fully complied with the specified requirements. Id. "A variance should not be used to accomplish what is in effect a substantial change in the uses permitted in a [certain] zone." (Citations omitted.) Id., 446. CT Page 7123
Two basic conditions must be satisfied in order for a variance to be granted: (1) the variance is shown not to substantially affect the comprehensive plan; and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship which is unnecessary to the carrying out of the general purpose of the zoning plan. Adolphson v. Zoning Board of Appeals, supra,205 Conn. 709. "`[I]t is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances or conditions beyond the control of the property owner.'" Pollard v.Zoning Board of Appeals, 186 Conn. 32, 39, 438 A.2d 1186 (1982), quoting Smith v. Zoning Board of Appeals, 174 Conn. 323, 326,387 A.2d 542 (1978).
"It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint." (Citations omitted.) Lamb v. Burns, 202 Conn. 158, 172,520 A.2d 190 (1987). The "court will not consider issues which are brought to the court's attention for the first time by way of the appellant's brief." Robinson v. ITT Continental Baking Co.,2 Conn. App. 308, 314, 478 A.2d 265 (1984).
In their brief, the plaintiffs argue that: (1) the ZBA prejudged their application; (2) the ZBA did not have discretion to consider lot size and frontage requirements because the application for the variance was limited to reducing the side yard setbacks from twenty feet to ten feet; (3) the filing of a map depicting the lots in 1930 qualifies the lots as nonconforming uses; and (4) the application of the zoning regulations to this case is a hardship and the denial of the variance results in a practical confiscation of the plaintiffs' property.
The plaintiffs did not raise the first two arguments in their complaint; therefore, they are considered abandoned, Lamb v. Burns, supra, 202 Conn. 172; Robinson v. ITT Continental Baking Co., supra, 2 Conn. App. 314.
 I
The plaintiffs argue that the filing of a map depicting the subject lots in 1930 shows that the lots existed prior to the enactment of the zoning regulations. Therefore, the plaintiffs argue that the lot is a nonconforming use, relying on Archambaultv. Wadlow, 25 Conn. App. 375, 383, 594 A.2d 1015 (1991). The ZBA argues that General Statutes § 8-2 protects only uses, buildings CT Page 7124 and structures, but not vacant lots. The ZBA also argues that to qualify as a legal nonconforming use under section 8-2, the use must be actual and not just contemplated and that filing a map showing lots in a proposed development cannot create a nonconforming use.
The plaintiffs' reliance on Archambault v. Wadlow, supra,25 Conn. App. 383, for the argument that their lots were nonconforming uses is misplaced. In that case, the court found that § 24.3 of the Waterford Zoning Regulations applied to preexisting, nonconforming lots, i.e. lots predating the zoning regulations, in addition to the preexisting uses protected by General Statutes § 8-2. Id., 380. In the present case, the Stafford regulations only apply to existing lots that conform to the yard requirements of the zoning district.[3]
"`A non-conforming use is merely an "existing use" the continuance of"which is authorized by the zoning regulations.'"Francini v. Zoning Board of Appeals, 228 Conn. 785, 789, ___ A.2d ___ (1994), quoting Melody v. Zoning Board of Appeals,158 Conn. 516,519, 264 A.2d 572 (1969). "It is well established that [t]o be a nonconforming use the use must be actual. It is not enough that it be a contemplated use [or] that the property was bought for a particular use. The property must be so utilized as to be irrevocably committed to that use. . . ." (Citations omitted; internal quotation marks omitted.) Francini v. Zoning Board ofAppeals, supra. "The plaintiff bears the burden of proving the existence of a nonconforming use." Id.
The record reveals that the lots in question were not previously established and used for an actual residence, and that construction of a single family residence was only contemplated and not actual. (ROR, Item 2, p. 24). Thus, the plaintiffs' lots were not a nonconforming use under General Statutes 8-2 because the lots were not actually used for a single family residence. Furthermore, the lots were not nonconforming lots under the Stafford regulations because the record demonstrates that the lots did not comply with the yard requirements of § 212. (ROR, Item 2, p. 24).
 II
The plaintiffs argue that the application of the zoning regulations constitutes a hardship to them. The plaintiffs argue that the ZBA's denial of the variance results in a practical confiscation of the property because there is no use for the CT Page 7125 plaintiffs' property without the variance. The plaintiffs also argue that without the variance the property is not only useless, but a tax liability.
The record reflects that other lots in the area also cannot be developed because of the zoning regulations. (ROR, Item 2, p. 30). The zoning regulations do not present the unique hardship contemplated by General Statutes § 8-6. Cf. Smith v. Zoning Boardof Appeals, 174 Conn. 323, 328, 387 A.2d 542 (1978) (holding that the state's condemnation of a portion of an owner's land which renders it nonconforming is a unique hardship under General Statutes § 8-6).
 III
A finding by the court that the plaintiffs cannot prove undue hardship does not preclude the court from finding that the denial of the variance results in a practical confiscation. SeeStankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 731,546 A.2d 331 (1988). "The plaintiff may prevail on his claim . . . if the board's denial of the variance constituted a taking, either as a practical confiscation of his property or by application of a balancing test." Francini v. Zoning Board of Appeals, supra,228 Conn. 792.
In determining whether a taking has occurred, the reviewing court must first establish that there was a final decision by a commission and then conduct a two-pronged analysis. Gil v. InlandWetlands Agency, 219 Conn. 404, 415, 593 A.2d 1368 (1991). First, the court must find that the landowner's expectation of development was factually reasonable. Id. Second, the court must determine that the denial constitutes a taking either as a practical confiscation of property or by application of a balancing test. Id.
"If a property owner has not obtained a final decision from the administrative agency applying the regulation, the reviewing court lacks jurisdiction to rule on a taking claim." Port ClintonAssociates v. Board of Selectmen, 217 Conn. 588, 604, 587 A.2d 126
(1991). The property owner bears the burden of proving that the relevant government entity will not allow any reasonable alternative use of his property and that such decision is final.Gil v. Inland Wetlands Agency, supra, 219 Conn. 415. "In most cases, a property owner must do more than submit one plan to an agency in order to establish that the agency's decision is `final' CT Page 7126 for the purposes of the taking clause." Port Clinton Associates v.Board of Selectman, supra, 217 Conn. 607. The Connecticut Supreme Court has stated that repeated applications and denials are not necessary if it is evident that the board's decision is final. See id., citing MacDonald, Sommer Frates v. Yolo County, 477 U.S. 340,359, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986) (White, J. dissenting).
The record reveals that the plaintiffs have met their burden that requiring further applications would require the plaintiffs to "take patently fruitless measures." Port Clinton Associates v.Board of Selectmen, supra, 217 Conn. 588, 607.
"The landowner's expectation of development must be found to be factually reasonable. . . . " Hoffman v. Inland WetlandsCommission, 28 Conn. App. 262, 268, 610 A.2d 185 (1992). The court finds that the record reveals evidence that the plaintiff had a reasonable expectation of development. The record reveals that the lots have been appraised as building lots (ROR, Item 2, p. 28), and that the plaintiffs had knowledge of another similar lot that had been granted a variance in 1987, within a year of their purchase. (ROR, Item 2, p. 29). The lots were located in an "AA" general residence zone which provides primarily for one and two family houses. (ROR, Item 1, p. 39).
The plaintiffs stated that they had purchased the property between four and six years ago [from the date of the hearing on October 12, 1992]. (ROR, Item 2, p. 28). The plaintiffs also knew of another lot with a fifty foot frontage on the road that had been developed. (ROR, Item 2, p. 26). Additionally, plaintiff Sibley stated that he lives on the same street on a lot with fifty feet of frontage. (ROR, Item 2, p. 28). Therefore, the court finds that the plaintiffs had a reasonable expectation of development.
An ordinance which permanently restricts the use of the limited agricultural uses. See Zoning Regulations of the Town of Stafford § 302. As in Stankiewicz v. Zoning Board of Appeals, supra, the court finds that the application of the regulations in this case would result in a practical confiscation of the plaintiffs' property because the application of the zoning regulations would restrict the development of their property to limited agricultural uses. The application of the side setback requirements limits the width of the proposed house to ten feet, (See ROR Item 3, and Item 2, p. 23) and, by virtue of § 302, also prohibits the plaintiff from building the proposed house. (ROR, CT Page 7127 Item 1, p. 39)
The record reveals that the plaintiffs' lots have been appraised as building lots and the previous owner sold them because he could not afford to pay the taxes and the sewer assessment. (ROR, Item 2, pp. 28 and 30). Presently, the plaintiffs pay taxes on the subject parcels. (ROR, Item 2, p. 26). In the present case, the chairman of the board acknowledged that the denial of the variance would be confiscatory. Plaintiffs' attorney stated, "Without, you know, if the variance isn't granted then the property is virtually useless." Chairman Robert Swift responded: "Yeah, we understand that yeah." (ROR, Item 2, p. 25). The court finds that application of § 302 severely diminishes the value of the plaintiffs' property.
Furthermore, the record fails to disclose that the variance would affect the comprehensive plan or that there is any harm to be prevented by denying the variance. "`The comprehensive plan is to be found in the scheme of the zoning regulations themselves.'" (Citation omitted.) Adolphson v. Zoning Board of Appeals,205 Conn. 703, 713, 535 A.2d 799 (1988). As noted above, the subject lots are located in an AA zone, a general residence zone, which provides primarily for single and two family dwellings. (ROR, Item 1, p. 39). The plaintiffs' application shows that the plaintiffs seek to construct a single family residence (ROR, Item 2, p. 24), which would comport with the residential character of the district. (ROR, Item 1, p. 39). The record also demonstrates that the property would not pose any health concerns because the subject lots are serviced by the town sewers. (ROR, Item 2, p. 24). Finally, the plaintiffs' neighbors submitted letters to the ZBA stating that they did not object to the plaintiffs' application for a variance. (ROR, Item 2, p. 23). The court concludes that there is no harm to be prevented.
Based on the holding of Chevron v. ZBA, supra, the court finds that the only reasonable action available to the Board is to grant the variance, and the Board is ordered to do so.
Sferrazza, J.